F. J. FEIGHT *et al.* v. C. C. WYANDT.

No. 15,749.    (99 Pac. 611.)

SYLLABUS BY THE COURT.

1. JURISDICTION — *Fraud — Joinder of Parties — Non-residents.* The holder and owner of a promissory note resided in Dickinson county, and the makers of the note resided in Republic county. The owner, for the purpose of compelling the makers to leave the county of their residence to litigate a controversy known to exist concerning the note, transferred it without consideration to another, and caused such other to commence an action against the makers and himself, as indorser, in the county where he resided, and serve summons upon the other defendants in the county of their residence. The makers filed an answer containing in substance the facts before stated. A motion for judgment on the pleadings, upon the ground that the answer did not contain facts sufficient to constitute a defense to the petition, was allowed. *Held,* error.

2. PROCEEDING IN ERROR—*Abatement—Payment of Judgment to Prevent Levy of Execution.* Where an execution is issued out of the district court against a defendant in an action then pending in the supreme court upon proceedings in error prosecuted by such defendant, payment of the execution to the officer who is about to levy the same upon property is not such a voluntary payment and settlement of the judgment as will abate a proceeding in error.

Error from Dickinson district court; OSCAR L. MOORE, judge. Opinion filed January 12, 1909. Reversed.

*Hugh Alexander, N. J. Ward,* and *Clare A. Bailey,* for plaintiffs in error.

*Robert H. Seeds,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This action was commenced in Dickinson county to recover a judgment upon a promissory note. The indorser and makers were parties defendant. The indorser, O. L. Thisler, resided in Dickinson county; the other defendants resided in Republic county. All of the defendants were served with summons in the counties where they resided. Thisler made default. The makers of the note filed an answer, in which it was alleged, in substance, that O. L. Thisler, to whom the note was originally given, was still the owner thereof; that the apparent transfer to the plaintiff, Wyandt, was a sham, made solely for the purpose of compelling the makers of the note to leave their homes in Republic county to defend the action in Dickinson county; that the plaintiff paid nothing for the note, and was merely acting for Thisler and assisting him in perpetrating this imposition upon the answering defendants.

The plaintiff moved for judgment upon the pleadings, on the ground that the answer did not state a defense to the note. The motion was allowed, and judgment was entered for the plaintiff. The answering defendants excepted, and bring the case here for review.

An execution was issued to Republic county against the plaintiffs in error, and, to avoid a levy, the amount of the execution was paid to the sheriff, who returned the same into court. The plaintiffs in error commenced an action in Republic county against O. L. Thisler to

recover damages growing out of the transaction in which the note was given, which action is still pending. The defendant in error has moved to dismiss this proceeding in error for the reason that, the judgment having been paid, there is nothing to litigate.

The motion will have to be denied. The rule that the voluntary settlement of a case extinguishes the controversy and leaves nothing to litigate does not apply here. Payment to prevent the levy of an execution is compulsory, and will not abate pending proceedings in error to vacate the judgment so paid.

The district court erred in entering judgment on the pleadings. The facts stated in the answer showed that the district court had no jurisdiction to hear the merits of the controversy, and it would have been useless to plead a defense. The answer was sufficient to abate the action. Its manifest object was to avoid making a defense in that court.

The judgment is reversed, with direction to proceed in accordance with the views herein expressed.