No. 25,544.

Texla Hajny, *Appellee*, v. Charles Hajny, *Appellant*.

SYLLABUS BY THE COURT.

Money Judgment Rendered—*Judgment Paid—Right of Appeal Waived.* When a money judgment is rendered against a party to an action he cannot pay the judgment and thereafter question its validity on appeal.

Appeal from Ellsworth district court; Dallas Grover, judge. Opinion filed January 10, 1925. Dismissed.

*Samuel E. Bartlett*, of Ellsworth, for the appellant.
*Ira E. Lloyd*, and *N. F. Nourse*, both of Ellsworth, for the appellee.

The opinion of the court was delivered by

Harvey, J.: In an action to recover the value of crops reserved in deeds, the plaintiff recovered a judgment for $6,709. Defendant's motion for a new trial was overruled December 26, 1923, and on that date he asked for a stay of execution for six months pending an appeal. The court granted the stay upon condition that defendant "pay into court $100 on or before January 1, 1924; (2) he shall pay $400 within thirty days from the date hereof; (3) that he shall pay $2,000 in installments, as follows: $500 on or before March 1, 1924; $500 on or before April 1, 1924; $500 on or before June 1, 1924; $500 on or before July 1, 1924." On December 28, 1923, defendant paid into court $2,000 and later perfected his appeal from the judgment to this court.

Appellee contends that this payment by defendant is such a recognition of the judgment as precludes him from contesting the validity of the judgment on appeal. The point is well taken. When a money judgment is rendered against a party to an action, he cannot pay the judgment and thereafter question its validity on appeal.

See *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675, where the rule is fully discussed and the earlier cases are reviewed.

Appellant contends he is contesting only a part of the judgment rendered against him and that the sum paid represents the uncontested portion of plaintiff's recovery. The record does not sustain this contention. The defendant contested plaintiff's claim in its entirety and every element composing it, and denied that he owed plaintiff any sum.

The appeal will be dismissed.