No. 35,934

RAY MUCKEY, *Appellee*, v. JOHN BAEHR, *Appellant* (HAWKEYE CASUALTY COMPANY, of Des Moines, Iowa, *Appellee*).

(145 P. 2d 164)

Opinion filed January 22, 1944.

*Lee E. Weeks,* of Kansas City, argued the cause, and *Arthur J. Stanley, Arthur J. Stanley, Jr., J. E. Schroeder* and *Leonard O. Thomas,* all of Kansas City, were on the briefs for the appellant.

*Harry K. Allen,* of Topeka, argued the cause, and *Karl V. Shawver,* of Paola, and *L. M. Ascough,* of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, J.: The appeal here is from a judgment for plaintiff in an action for damages to his truck sustained in a collision with defendant's automobile.

Briefly stated, the pertinent facts are as follows: Plaintiff, a resident of Missouri and engaged in the business of an irregular common carrier, owned a certain Chevrolet truck, which on the day in question was being driven by his employee, Leo Trackwell, north on U. S. 50, a paved highway in Johnson county. The defendant Baehr about the same time was driving his Ford automobile south on the same highway and directing his attention to a train passing on a near-by railroad track. As he approached the truck he permitted his car to drift upon his left-hand side of the pavement in front of the oncoming truck. A collision resulted in which the truck and the automobile were damaged and Baehr was injured. Plaintiff sued Baehr for damages to his truck, alleging the collision resulted from defendant's negligence. Baehr carried a policy of liability insurance issued by the American Indemnity Company, in compliance with the terms of which the insurer provided attorneys to represent him. Through them Baehr filed an answer denying liability and a cross petition seeking to recover damages to his automobile and for personal injury, alleging the collision resulted from the negligence of plaintiff's driver. These allegations were controverted by an answer to the cross petition.

A jury trial, February 9, 1943, resulted in a judgment for plaintiff for $1,625. Defendant's motion for a new trial was filed in due time. On February 16, 1943, Baehr's insurer, by its attorney, mailed a registered letter to Baehr which reads:

"Re: Muckey v. Baehr

"Dear Sir: As attorneys for the American Indemnity Company of Galveston, Texas, we hereby notify you that you have violated the provisions of your insurance contract with said Company by failure to coöperate in the defense of the above entitled lawsuit. We therefore advise you that the further defense of this action by said Company will be with reservation of their right to deny liability for the judgment rendered against you, and they will refuse to pay any judgment which has been or may be rendered in this action."

Upon receipt of the letter Baehr employed an attorney to represent him personally. Upon the hearing of the motion for a new trial, March 2, 1943, Baehr was represented by his personal attorney and by an attorney of the insurer, both of whom argued in support of the motion, which was overruled. On March 3, 1943, no stay of execution having been applied for by defendant, or on his behalf, and no supersedeas bond given, the plaintiff caused an execution to be issued and placed in the hands of the sheriff for the collection of the judgment. On March 15, 1943, Baehr and his personal attorney

went to the office of the clerk of the court and paid the full amount of the judgment in favor of plaintiff with interest and costs of the action. The clerk disbursed the money to the persons entitled thereto. On March 23, 1943, Baehr, by his personal attorney, brought an action in the district court against his insurer to recover the amount he had been compelled to pay on the judgment and fees of his personal attorney. On March 31, 1943, Baehr's insurer, acting in his name, served and filed a notice of appeal from the judgment rendered on the verdict in favor of plaintiff of February 9, 1943, and from the order overruling the motion for a new trial.

Appellee here, plaintiff in the trial court, has moved this court to dismiss the appeal upon the ground that his controversy with Baehr has become moot in view of the fact that Baehr has paid the judgment in full. The rule is well settled in this state that a litigant who voluntarily satisfies a judgment against him is not thereafter in a position to appeal from it. See the following cases and authorities cited therein: *Babbit v. Corby, Adm'x,* 13 Kan. 612; *State v. Conkling,* 54 Kan. 108, 37 Pac. 992; *York v. Barnes,* 58 Kan. 478, 49 Pac. 596; *Waters, as Treasurer, etc., v. Garvin,* 67 Kan. 855, 73 Pac. 902; *Seaverns v. The State,* 76 Kan. 920, 93 Pac. 163; *Round v. Power Co.,* 92 Kan. 894, 142 Pac. 292; *Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675; *Hajny v. Hajny,* 117 Kan. 419, 232 Pac. 611; *Paul v. Western Distributing Co.,* 142 Kan. 816, 826-831, 52 P. 2d 379.

Counsel for Baehr's insurer, representing him as appellant here, point out the fact that at the time Baehr paid the judgment an execution was in the hands of the sheriff for the collection of the judgment, and argue that the payment of the judgment by Baehr was not voluntary but was under duress and for that reason the appeal may be maintained, and cite in support of this view, *Kerr v. Reece,* 27 Kan. 469, and *Feight v. Wyandt,* 79 Kan. 309, 99 Pac. 611. We think the doctrine of those cases is not in point here. Baehr had been advised by his insurer that it would not pay the judgment. He was compelled to act upon his own judgment and that of his personal attorney with respect to his rights. No appeal had been taken by his insurer. He was forced or compelled to decide whether he should take an appeal and bear the expense of it himself. He did not pay to the sheriff; he went to the clerk of the court and paid the judgment in full, not under protest but voluntarily, and then brought an action against his insurer for reimbursement. Whether he pursued the best remedy for him is not before this court for decision.

We think it clear the appeal should be dismissed. It is so ordered.