No. 39,530

Morris L. Rose and Clara O. Rose, *Appellants*, v. Rodney Helstrom, *Appellee*.

(277 P. 2d 633)

Opinion filed December 11, 1954.

*Horace A. Santry*, of Salina, argued the cause, and *John A. Crowther*, and *John I. Young*, both of Salina, were with him on the briefs for the appellants.

*James P. Mize*, of Salina, argued the cause, and *C. L. Clark*, and *Thomas M. Lillard, Jr.*, both of Salina, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This action was one by plaintiffs, husband and wife, to recover damages from defendant, claimed to be due for an alleged breach of a contract to sell real estate. Plaintiffs appeal from an order of the trial court sustaining defendant's demurrer to their evidence, and entering judgment in favor of defendant for costs.

On October 3, 1951, plaintiffs entered into a written agreement with defendant whereby they agreed to buy, and defendant agreed to sell certain real estate. The consideration was to be paid as follows:

The amount of $1,000 earnest money was to be paid to the real estate agency to be held in escrow until the terms of the agreement were fulfilled, and to apply on the purchase price; $9,000 to be paid on or before November 1 when possession was to be given to plaintiffs; the assumption of a first mortgage, and a balance due on defendant's purchase contract with two other individuals. The contract provided further:

"That if the first party (defendant) cannot deliver title as agreed, the earnest money paid by the second party (plaintiffs) shall be returned to said second party (plaintiffs) and this contract cancelled."

Defendant's wife was not a party to the contract and did not sign. After the execution of the contract, plaintiffs paid the $1,000 earnest money to the escrow agent. On October 30, 1951, the parties entered into a supplemental written agreement which was substantially the same as the original one, but clarified the terms of the transaction, and included as a part thereof a copy of defendant's contract of purchase with the former owners. The name of defendant's wife was inserted as one of the parties to the supplemental contract. However, she did not sign it. This contract contained the identical provision of the first contract for the return of the earnest money in case title could not be given. On the same day, plaintiffs tendered their check for $9,000 to defendant under the terms of the contract. On October 31, plaintiffs were advised by defendant that it would be impossible for him to furnish good title to the property. Plaintiffs immediately stopped payment on their $9,000 check, and instituted the present action for damages, alleging the $1,000 earnest money had never been refunded to them and, by reason of defendant's breach of the contract, plaintiffs sustained damages in the amount of $1,000, and prayed for general damages for that amount plus interest, and for special damages for $25,720, resulting from losses sustained by them in reliance upon and anticipation of the performance of the contract.

At the close of plaintiffs' evidence, the trial court sustained defendant's demurrer thereto on the ground that the evidence failed to sustain a cause of action against defendant, and entered judgment in his favor and against the plaintiffs for costs. Following the judgment, plaintiffs withdrew their earnest money deposit of $1,000 from the escrow agent. Subsequently, plaintiffs appealed to this court from the order of the trial court sustaining defendant's demurrer to their evidence.

Defendant urges that plaintiffs' appeal be dismissed as the questions raised by them are now moot, because their withdrawal of the earnest money constitutes plaintiffs' election to treat the contract as cancelled and rescinded, and is wholly inconsistent with the continuance of the action for damages for the breach of the contract. Moreover, by their withdrawal of the earnest money they acquiesced in the judgment of the trial court.

There is no occasion to discuss the merits of plaintiffs' specifications of error upon which they rely as a ground for reversal, as we are confronted with defendant's motion to dismiss the appeal which is entitled to first consideration and, if sustained, will do away with all necessity for their consideration.

Plaintiffs predicated their theory of recovery upon affirming the contract and suing for damages for the breach thereof. Defendant's answer admitted the execution of the contract, the deposit of the $1,000 earnest money with his escrow agent, and alleged among other things not material hereto, that he was never able to deliver title to the real estate under the terms of the contract; that he notified the plaintiffs' to that effect and was willing to relinquish all claim to the earnest money deposited with the escrow agent as provided in the contract.

The defendant's answer was framed on the theory of being unable to deliver title, that he had a right to rescind the contract under its terms, and return the $1,000 earnest money. Whatever may have been the court's theory in sustaining the demurrer to plaintiffs' evidence, it becomes immaterial here because when the plaintiffs elected, after judgment was entered against them, to draw down the $1,000 in the hands of the escrow agent, they thereby elected to adopt the defendant's theory of the case and rescind the contract. Plaintiffs' acceptance of the earnest money deprived this court of an opportunity to review the judgment of the trial court.

We had a somewhat similar case in *Dayton v. Murphy,* 106 Kan. 830, 189 Pac. 959. In that case the petition prayed judgment for advancements and profits claimed to be due on account of a real estate transaction. The answer pleaded a settlement with the plaintiffs for a stated sum, which was conceded to be due, and was deposited with the clerk. At the trial, the plaintiffs admitted settling with the defendant, but declined the court's offer to give them judgment for the amount of the deposit with interest. Thereupon, a demurrer was sustained to the plaintiffs' evidence. Judgment was rendered accordingly, and they appealed. Afterwards they took down the deposit. We held the appeal must be dismissed.

*Bank v. Bracey,* 112 Kan. 677, 212 Pac. 675, was an action to recover on a promissory note. The defense was that the note had been procured by various representations, and plaintiff was not

an innocent holder. The defendant prevailed and judgment was rendered against the plaintiff for costs. Plaintiff appealed and afterwards paid the costs. We held that the appeal must be dismissed. (See, also, *Warner v. City of Independence,* 121 Kan. 511, 247 Pac. 871.)

It is a well established rule of this court that anything that savors of acquiescence in a judgment cuts off the right of appellate review. (*Hawkins v. Wilson,* 174 Kan. 602, 603, 257 P. 2d 1110, and cases therein cited.) The general rule is stated in 4 C. J. S. 396, § 212:

"A party who voluntarily acquiesces in, ratifies, or recognizes the validity of, a judgment, order, or decree against him, or otherwise takes a position which is inconsistent with the right to appeal therefrom, thereby impliedly waives, or is estopped to assert, his right to have such judgment, order, or decree reviewed by an appellate court; and this rule has been held to apply where the acquiescence or ratification was either partial or in toto . . ."

(See *Harmon v. James,* 146 Kan. 205, 69 P. 2d 690.)

The plaintiffs by their acceptance of the $1,000 earnest money after judgment had been entered against them on their theory of the case, thereby elected to rescind the contract under the defendant's theory of the case and, moreover, by their act, acquiesced in the judgment of the trial court. As a result, there is nothing before this court for review.

The appeal is dismissed.

It is so ordered.