No. 39,811

L. G. PERRY and C. C. LINLEY, Executors of the Estate of Jennie Deal, Deceased, *Appellants* and *Cross-Appellees*, v. REGINALD D. KENDALL, *Appellee* and *Cross-Appellant*.

(297 P. 2d 172)

Opinion filed May 5, 1956.

*C. C. Linley*, of Cimarron, and *Russell L. Hazzard*, of Dodge City, argued the cause and *Bernie D. Frigon*, of Cimarron, was with them on the briefs for the appellants and cross-appellees.

*John Staley Holden*, of Cimarron, argued the cause and was on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

SMITH, C. J.: This was an action to rescind a farm lease and for an accounting for crops raised upon certain of the lands leased. Judgment was for defendant on the cancellation and for plaintiff on the accounting. Plaintiff has appealed and defendant has cross-appealed.

Since the filing of the action the plaintiff died. The appeal has been revived in the name of the administrator of her estate. The parties will be referred to herein as plaintiff and defendant.

The amended petition alleged plaintiff was the owner of the land in question, referred to as a ranch; that the defendant was in possession of it by virtue of a purported farm lease dated November 20, 1950, from plaintiff to defendant, covering some of the lands involved for a term from March 1, 1951, until February 28, 1961. The petition then alleged facts she claimed entitled her to have the lease canceled, and further facts which she claimed entitled her

to an accounting for the time defendant had already operated the ranch under the lease.

The prayer was for cancellation of the lease; that defendant be ordered to make a full accounting for crops raised, income received and livestock pastured.

The defendant's amended answer admitted he was in possession and alleged he claimed a right to such possession by virtue of a farm lease for a term beginning March 1, 1951, and ending March 1, 1961; described improvements made and set out money he had paid plaintiff during his tenancy. He denied the facts upon which plaintiff claimed to be entitled to have the lease canceled.

Plaintiff in her reply denied generally the allegations of the answer except those admitted.

The trial court made amended findings of fact and amended conclusions of law covering all the issues in the case.

The trial court found that the plaintiff knew and understood the results of these dealings in regard to the Deal ranch. The trial court made further findings bearing on the accounting issue that the customary value in the locality of the ranch for 3,331 acres of grass pasture was between $1.00 and $1.50 per acre; that in 1951 defendant at plaintiff's request broke out 400 acres of pasture land; that since 1950 and prior to March 1, 1952, defendant made extensive improvements on the dwelling house; that on July 11, 1953, plaintiff and defendant made a settlement of all accounts outstanding between them as to crops raised on the ranch up to that date, at which plaintiff was represented by counsel; that the ten-year lease was silent as to any rental to be paid by the defendant for the pasturing of his livestock on crops raised on the ranch; that it was the custom at all times during the dealing between plaintiff and defendant for the tenant to pay the landlord a one-third share of the usual crop pasture rent for the pasturing of the tenant's cattle on the landlord's share of the crops; that he had not made any payments to the plaintiff as rental for the pasturing of the defendant's cattle on the plaintiff's one-third interest in the crops raised on the ranch.

The trial court made amended conclusions of law; that the ten-year lease should be upheld; that at the time plaintiff signed the lease and delivered it to defendant she understood the consequences of her acts; that plaintiff was entitled to recover $3,400 tendered her by defendant, which paid the pasture rent to March

1, 1955; that defendant was ordered to make an accounting for all crops raised on the ranch since July 11, 1952, and pay plaintiff one-third share of all unpaid accounts, together with interest; that the defendant should account for all livestock pastured upon the crops raised on the ranch from and after September 30, 1950, whether it be drilled wheat, volunteer wheat, sorghum feeds, grains or stalk fields.

Judgment was entered in accordance with the amended findings of fact and conclusions of law except that plaintiff was given judgment for $3,400 as grass pasture rent and for $1,788.33 as crop pasture and crop rent.

Plaintiff moved for a new trial on various grounds.

This motion was overruled.

The appeal was from the order of the trial court of November 15, 1954, refusing to make certain findings of fact; refusing to make certain conclusions of law; from the order of December 7, 1954, refusing to set aside certain findings of fact; overruling plaintiff's motion to set aside certain conclusions of law; overruling plaintiff's motion for additional findings of fact; overruling plaintiff's motion for additional conclusions of law and making certain amended findings of fact; from the judgment rendered December 7, 1954; incorporating amended findings of fact and amended conclusions of law; decreeing the ten-year lease to be valid and that part of the judgment allowing $3,400 paying the grain pasture rent to March 1, 1955; and the order of December 21, 1954, overruling plaintiff's motion for a new trial.

The assignment of errors followed the notice of appeal.

The defendant's demurrer to plaintiff's petition; his motion to require plaintiff to elect between causes of action for recission, his demurrer to plaintiff's evidence and his motions for amended findings of fact and conclusions of law were overruled, also evidence was admitted over his objection. From all these rulings defendant cross-appealed.

Defendant filed a motion to dismiss plaintiff's appeal. In it he pointed out that subsequent to the judgment and pursuant to a motion filed by plaintiff the trial court had ordered defendant to make a monthly accounting for crop pasture rent. He points out that defendant complied with this order and as a result paid the clerk of the court $303.62 on March 29, 1955. That amount was paid plaintiff by the clerk and the check cashed by plaintiff on April 6, 1955. It further appears defendant, pursuant to, and

in compliance with the judgment, sent to the clerk of the court a check for $1,679 as a settlement for the crop pasture rent allowed plaintiff in the judgment. On December 13, 1954, the clerk paid to plaintiff a check for $1,679. This check was cashed by plaintiff on December 16, 1954.

Defendant argues, the acceptance of these payments evidenced by the cashing of these checks is such an acquiescence in the final judgment of the court as to require dismissal of plaintiff's appeal. (See *Rose v. Helstrom*, 177 Kan. 209, 277 P. 2d 633.) This argument is good. (See *Hyland v. Hogue*, 131 Kan. 512, 292 Pac. 750, and many other cases.) Plaintiff realizes the force of these authorities and seeks to avoid their effect by arguing that this was actually two causes of action, one in equity and the other for an accounting. Plaintiff argues she appealed from that part of the judgment refusing to cancel the lease. Plaintiff argues there is no inconsistency between appealing from the judgment refusing to cancel the lease and accepting the fruits of the judgment on the accounting feature. The trouble with that argument is the two causes of action are so intermingled and so dependent on each other that they cannot be so clearly separated. Some of the features upon which plaintiff depended to obtain a cancellation were also to be considered in the accounting.

It follows plaintiff's appeal must be dismissed.

Since defendant by his payments already noted complied with the trial court's judgment, his cross-appeal must be dismissed.

The plaintiff's appeal and the defendant's cross-appeal are dismissed.