No. 40,782

WILLIAM K. BENSON and VIRGINIA HAUGHT, *Appellants*, v. BERNICE BENSON WILEY and GEORGE J. BENSON, et al., *Appellees*.

(320 P. 2d 827)

Opinion filed January 25, 1958.

*M. D. Bartlow*, of Topeka, argued the cause, and was on the briefs for appellants.

*L. J. Bond* and *F. J. Leasure*, of El Dorado, argued the cause, and *George J. Benson*, of El Dorado, was with them on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This was an action to partition real estate and to account for rents and profits. Trial was by the court, which rendered judgment for the defendants (appellees) and assessed the costs of the action against the plaintiffs (appellants). Following the overruling of their motion for a new trial the plaintiffs have appealed.

At the outset, our jurisdiction to hear this appeal is challenged. Following the perfection of the appeal on April 17, 1957, the defendants filed a motion to dismiss it on the ground that plaintiffs had voluntarily acquiesced in the judgment by paying the costs assessed against them. Attached to the motion to dismiss was the affidavit of the clerk of the district court, which, in part, reads:

"The records in my office Book show that on May 17th, 1957, there was paid to me, as such Clerk, the amount of $50.32 by W. K. Benson and Mrs. Charles Haught, who are the Plaintiffs in said case, for the purpose of the payment of the balance of the Court costs accrued to that date, and true and correct copies of said receipts are attached to my Affidavit, and made a part thereof. The original of said receipts were delivered by me as such Clerk to said Mrs. Charles Haught, one of the Plaintiffs.

"That when this action was commenced the Plaintiffs paid to the Clerk of this Court, the sum of $27.50 as a deposit to secure the payment of the costs. That said original deposits of $27.50 and said $50.32 made a total of $77.82,

which sum was credited to the Plaintiffs and used by me in the payment of all costs that had accrued to May 17th, 1957."

". . . that on April 15, 1957, a Journal Entry of Judgment was filed and has been recorded. It shows that it was adjudged and decreed by the Court that the Defendants, Bernice Benson Wiley and George J. Benson, shall have and recover of the Plaintiffs, the costs of this action. . . . That the records in my office do not show that any praecipe for an execution has ever been filed and does not show that any execution was ever issued, and no execution was ever issued for the purpose of collecting the aforesaid judgment for costs against the Plaintiffs, or either of them, and nothing was ever filed in said case seeking to enforce any part of the judgment in said case. That the Plaintiffs have never filed in the office of the Clerk of this Court, any supersedeas bond or any bond to stay the execution against them for the collection of the aforesaid Court costs, and the records in said case does not show that any such bond was ever filed, and no application was ever filed requesting a stay of execution of said judgment."

By way of reply to the motion to dismiss, counsel for plaintiffs filed an affidavit admitting payment of the costs, but inferring the payment was not voluntary and was made under threats of defendants to issue execution on the judgment and that plaintiffs were financially unable to make a supersedeas bond in the amount of $77,261.70 with an annual premium of $645 which plaintiffs contend was necessary to stay the execution of the judgment.

It is clear from the record there was no levy upon the property of the plaintiffs to satisfy the judgment, no execution had been issued nor praecipe for execution filed. In a long line of decisions this court has consistently held (and no decisions are to the contrary) that whatever savors of acquiescence in a judgment cuts off the right of appellate review, and that the payment of costs by a defeated party falls in that category (*Bank v. Bracey*, 112 Kan. 677, 212 Pac. 675; *Paulsen v. McCormack*, 133 Kan. 523, 1 P. 2d 259; *Paul v. Western Distributing Co.*, 142 Kan. 816, 52 P. 2d 379; *Muckey v. Baehr*, 158 Kan. 19, 145 P. 2d 164; *Newsome v. Anderson*, 164 Kan. 132, 187 P. 2d 495; *Hawkins v. Wilson*, 174 Kan. 602, 604, 257 P. 2d 1110; *Rose v. Helstrom*, 177 Kan. 209, 212, 277 P. 2d 633). In view of the consistent application of this rule it is unnecessary to review each of those cases. In the recent case of *Gehring v. Goering*, decided November 9, 1957, 181 Kan. 994, 317 P. 2d 424, the rule was again applied and reaffirmed in a factual situation less compelling than the instant case.

Plaintiffs contend that under G. S. 1949, 60-3322 (First) they could not have stayed an execution unless they gave a supersedeas bond in the amount of $77,261.70, requiring an annual premium of $645, and pay all damages and costs awarded against them. The amount of the bond asserted by plaintiffs as being necessary was in double the amount of certain money in the hands of the clerk of the district court paid by Myers Materials, Inc. for rock removed from the real estate and by The Kansas Turnpike Authority for the purchase of a right of way, totaling in the sum of $38,590.85. The contention is without merit. Following judgment, plaintiffs requested the trial court to withhold disbursement of the $38,590.85 until their motion for a new trial was ruled upon. That motion was set for hearing April 15, 1957, and was overruled. Plaintiffs did not renew their request for further stay and announced they would not give bond to stay execution of the judgment. G. S. 1949, 60-3322 (First) provides in substance that when the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order. The only judgment for "the payment of money" against the plaintiffs was that for costs of the action in the sum of $77.82, and a bond not to exceed $160 would have stayed the execution; consequently, there was no requirement the bond be in the sum asserted by the plaintiffs.

As stated in *Paulsen v. McCormack,* supra, p. 527, it is a very easy matter in this state to procure a stay of execution, supersedeas, or the like, which would halt an execution for costs. Clearly, in the instant case the giving of a supersedeas bond in the sum of $160 was not an unsurmountable obstacle to the plaintiffs, which, if given in lieu of payment of the costs, would not have constituted an acquiescence in the judgment against them. In *Newsome v. Anderson,* supra, it was said:

". . . There was no impending levy upon appellant's property, no execution had been issued and, in contemplation of law, there was no coercion. . . ." (l. c. 138.)

The plaintiffs cite *Feight v. Wyandt,* 79 Kan. 309, 99 Pac. 611. The decision is not in point. There, the motion to dismiss the appeal was denied because payment was after execution had been issued and this court held the payment involuntary; here, the plaintiffs' payment was without protest to the clerk of the district court

and was, therefore, a voluntary payment which constituted acquiescence in the judgment.

We have carefully examined the record and the authorities cited by plaintiffs and conclude the motion to dismiss the appeal must be sustained.

It is so ordered.