No. 43,206

Henry F. Hermesch and Antionette F. Hermesch, Next of Kin of
Robert J. Hermesch, *Appellees,* v. Lynn V. Haverkamp, a minor
and Lawrence Haverkamp (Lawrence Haverkamp), *Appellant.*

(381 P. 2d 360)

 Opinion
filed May 11, 1963. 

*Harry A. Lanning,* of Seneca, argued the cause, and *Robert M. Finley* and
*Harry E. Miller,* both of Hiawatha, and *William M. Drumm,* of Seneca, were
with him on the briefs for the appellant.

*John A. Bausch,* of Topeka, argued the cause, and *L. M. Ascough,* and *E.
Edward Johnson,* both of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: This appeal in a wrongful death action seeking $25,000
damages is by the defendant, Lawrence Haverkamp, from the trial
court's orders overruling defendant's motion for judgment notwith-
standing the verdict of the jury, and his motion for new trial.

At the hearing on the merits of this appeal a motion to dismiss
was lodged by plaintiffs, pursuant to leave granted by this court
when a previous motion was denied, whereby this court is presented
with a jurisdictional question based on acquiescence of defendant
in the judgment of the court below by payment thereof. Our at-
tention will first be directed to a consideration of this question.

On March 29, 1962, the jury returned a verdict in favor of plain-
tiffs and against defendant in the sum of $15,000, pursuant to G. S.
1949, 60-3204, and for costs of the action.

On April 25, 1962, an execution was issued against the defendant
and a garnishment summons was issued to the State Farm Mutual
Insurance Company, defendant's liability carrier. On May 24, 1962,
the insurance carrier's check in the sum of $15,000 was received by
the clerk of the Nemaha district court from the sheriff and entered
in the judgment docket as a release of the $15,000 judgment. The

sheriff's return on the execution showed he had received the writ on April 25, 1962, at 5:00 p. m. and recited the following:

"On this May 24th, 1962, at 9:50 o'clock A. M. I delivered a copy of this execution to the defendant Lawrence Haverkamp and advised him that I was about to levy upon his goods and chattels, and upon his real estate if his goods and chattels were insufficient to pay the judgment, and to sell the same to cause the moneys herein specified to be made, whereupon the said Lawrence Haverkamp paid me the sum of $15,000.00, the amount of said judgment without costs; and the amount of the costs not having yet been determined, I now, this 24th day of May, 1962, pay said sum of $15,000.00 to the Clerk of said District Court and return this execution."

Motions were filed by plaintiffs to quash the sheriff's return on the execution and to require the clerk to amend the judgment docket because of incorrect statements in the return which were prejudicial to plaintiffs. The clerk testified she had actually received the check from defendant's insurance carrier and that she first saw it on the morning of May 24, 1962, at which time defendant's counsel, counsel for the insurance carrier, the defendant, defendant's son-in-law, and the sheriff were all in her office. The check was issued by defendant insurance carrier and made payable to the clerk. The insurance carrier's attorney handed the check to defendant's attorney, who in turn handed it over to the clerk asking her to endorse it to the sheriff. Defendant's counsel then gave the check to the sheriff, who in turn endorsed it and gave it back to the clerk.

Defendant's counsel was called as a witness and he testified as to the issuance of the execution, summons, and alias summons in garnishment naming defendant's insurance carrier as garnishee. Cross-examination showed defendant's counsel had told the insurance carrier's attorney he would take the check and that he was going to ask the clerk to endorse it and give it to defendant, who would then give it to the sheriff. The clerk had endorsed the check and given it back to defendant's counsel, who took the position that because the execution and garnishment were outstanding at the time of the delivery of the check to the clerk, the payment was involuntary. Defendant's counsel admitted he had conceived this plan of payment in advance in order to show the payment was involuntarily made. He had previously received from defendant copy of a letter dated May 16, 1962, addressed to defendant by the insurance carrier's attorney. The letter, which was never answered either by defendant or his counsel, was admitted into evidence as exhibit B, and reads in pertinent part as follows:

"As attorney for State Farm Insurance Company, I am writing to inform you that the company has forwarded their draft to this office in the amount of $15,000.00 to pay the judgment against you in the District Court of Nemaha County, Kansas, by Henry F. and Antionette F. Hermesch, next of kin of Robert J. Hermesch, Case No. 8932. The company is desirous of paying this judgment in the very near future and will do so by May 25, 1962, unless you notify this office in writing that you do not want the judgment paid by that date. In any event, the judgment will be paid on June 17, 1962. . . ."

Counsel for the insurance carrier testified he had written the above letter and no one had told him not to pay the judgment. The insurance carrier had told him to pay the judgment before answer day on the garnishment summons.

The sheriff testified he had talked to defendant and defendant's counsel about the execution, but he had not done anything "toward levying" before May 24, 1962. He had not intended to do anything until the day after motion day, which had been continued from May 21, 1962, to May 24, 1962. He had delivered a copy of the execution to defendant in the clerk's office on the morning of May 24, 1962, and he had defendant's counsel make out the return for him. He did not remember from whom the defendant obtained the check but defendant handed the check to him.

Defendant's counsel was recalled and he corroborated the sheriff's statement that he had made out the return on the execution. The costs had not been determined because of a motion to tax costs concerning a guardian *ad litem* fee. He had not asked the defendant or the insurance carrier to pay the costs because the sheriff had another month in which to make his return on the execution.

The trial court ordered the district court clerk's record to be changed as follows:

"May 24, 1962. Received of Harry A. Lanning, Attorney for Defendant Lawrence Haverkamp, for endorsement and redelivery to him, a check issued by the State Farm Mutual Automobile Insurance Company, payable to the Order of the Clerk of the District Court of Nemaha County, Kansas, in the amount of $15,000.00, said check was endorsed by me and returned to Harry A. Lanning, thereafter in my office, such check was delivered to Lawrence Haverkamp by Harry A. Lanning and then delivered to Sheriff Holthaus; whereupon, the sheriff endorsed said check and delivered it to me and I received it from him in payment of the $15,000.00 judgment, and the within judgment is hereby released as to the $15,000.00.

"Execution issued April 25, 1962.

"Execution returned May 26, 1962."

The trial court also ordered the sheriff to amend his return to

show he had received the check issued by the insurance carrier and had delivered it to the clerk of the court.

Narration of the foregoing circumstances brings us to the question as to whether the $15,000 payment was voluntarily or involuntarily made. If the payment was voluntary, then defendant cannot maintain this appeal, which defendant admits. It is also admitted the sheriff had thirty days remaining to make his return. No controversy exists over the fact that both defendant and defendant's counsel had knowledge that the insurance carrier intended to pay the judgment not later than the return day of the garnishment summons but they saw fit to stand idly by and let the time expire without any effort on their part to stop the insurance carrier from carrying out its intention. By a pre-conceived plan, which defendant's counsel admits, they undertook to make it appear that defendant was paying the full amount of the judgment under compulsion and as an involuntary act. The facts just do not support such a conclusion. The insurance carrier, through its attorney, was carrying out its duty to its insured, and the insured, by allowing the payment to be made in the manner in which it was made, acquiesced therein at a time and under circumstances that neither could nor would constitute an involuntary payment.

The record reveals the insurance carrier, under the following provision of its contract with the insured, had the duty to pay premiums on bonds including required appeal bonds:

"(2) As respects the insurance afforded under coverages A and B and in addition to the applicable limits of liability:

"(c) To pay premiums on bonds to release attachments, premiums on required appeal bonds, and the cost of bail bonds. . . ."

Defendant admits no request was made of the insurance carrier to make any bond in this case to protect against the issuance of an execution, or anything in aid of execution.

Under these facts and circumstances, we are of the opinion that defendant's actions savored of acquiescence in the judgment and cut off his right to appellate review. A few of our many applicable decisions are *Peters v. Peters*, 175 Kan. 422, 424, 263 P. 2d 1019; *Rose v. Helstrom*, 177 Kan. 209, 212, 277 P. 2d 633; *Benson v. Wiley*, 182 Kan. 403, 404, 320 P. 2d 827, and authorities cited therein.

Plaintiff's motion to dismiss is, therefore, appropriate and must be granted.

Appeal dismissed.