(671 P.2d 1126)
No. 55,204

ELLEN VAP, *Appellee,* v. DIAMOND OIL PRODUCERS, INC., *Appellant.*

Opinion filed November 10, 1983.

*Glenn E. Casebeer II* and *Curt T. Schneider,* of Schneider & Casebeer, of Coffeyville, for the appellant.

*Phillip Eugene Porter* and *Dennis J. Keenan,* of Keenan, Mauch & Keenan, P.A., of Great Bend, for the appellee.

Before FOTH, C.J., SWINEHART and MEYER, JJ.

SWINEHART, J.: This is an appeal by defendant Diamond Oil Producers, Inc., from judgments entered in favor of plaintiff Ellen Vap, commencing with a default judgment in favor of plaintiff, a judgment setting aside default judgment, and an order reinstating the default judgment.

Basically, three issues are raised by defendant on this appeal: (1) Was the payment of court costs by defendant prior to the hearing on its motion to set aside the default judgment acquiescence, so as to preclude its subsequent appeal of the order reinstating the default judgment? (2) Was the payment of the

judgment in favor of plaintiff by defendant by the process of execution voluntary, and therefore acquiescence? and (3) Was the amended notice of appeal timely filed so as to allow defendant to challenge on appeal the original issuance of the default judgment?

Plaintiff commenced her action against defendant on January 27, 1982, in the District Court of Barton County. Service of process was made on a secretary employed by the defendant on February 10, 1982. K.S.A. 1982 Supp. 60-304(e). Because defendant failed to answer or otherwise plead by March 15, 1982, default judgment was rendered on that date in favor of plaintiff against defendant for $12,193.17, plus 12% interest, attorney fees of $2,000 and court costs of $35. Defendant received a certified copy of the judgment on April 19, 1982, and on April 26, 1982, defendant filed its motion to set aside the default judgment. K.S.A. 60-260(b). This motion to set aside the default judgment was heard by the trial court and sustained on August 25, 1982. However, the record indicates that defendant paid the court costs of $35 to the clerk of the district court on June 3, 1982, and on June 18, 1982, plaintiff procured garnishment summons to be served on defendant's bank account in Coffeyville. The summons was served on the bank on June 21, 1982, with garnishee's answer being filed June 23, 1982, and the funds were ordered paid into court on July 13, 1982. Satisfaction of judgment was entered in the record by the plaintiff on July 23, 1982.

Finally on August 25, 1982, defendant's motion to set aside the default judgment was orally argued and was sustained on the basis of improper service of process. K.S.A. 1982 Supp. 60-304(e). The trial court reinstated the default judgment on October 13, 1982, pursuant to plaintiff's motion for a new hearing.

On November 1, 1982, defendant appealed the reinstatement order, and subsequently on December 3, 1982, filed an amended appeal which included appeal from entry of the original default judgment.

It is defendant's contention that the payment of court costs does not constitute acquiescence because of legislative enactment. K.S.A. 60-2004 states:

"Payment of the costs of any action in any court in this state including, but not limited to, the payment of court reporter fees, shall not be considered an acquiescence in the judgment or any order of the court so as to prevent an appeal by the person or persons paying such costs. This act shall not apply to any

pending question arising out of such payment heretofore made, but otherwise this act shall apply to all actions heretofore or hereafter filed."

This contention was not raised at the trial court level, and it is questionable that it may now be raised for the first time on appeal. However, this is a question of first impression, and if we were only concerned with this one point of acquiescence, then the appeal would be sustained and the case remanded for further proceedings. The legislature's intent is explicit and is controlling, and the previous case law and common law in this area are subservient to this legislation.

However, in the present case defendant permitted execution on the judgment without taking any action to halt it. The facts of this case do not fall within the exception to the general rule of law as set out in 47 Am. Jur. 2d, Judgments § 982, which states:

"Payment of a judgment is not voluntary when it is made to procure the release of the person or property of the judgment debtor from detention, or where the creditor is armed with apparent authority to seize upon either and the payment is made to prevent it. Accordingly, the payment of a judgment, after issuance of an execution thereon, to prevent a levy upon and sale of the property is not a voluntary payment."

Within the context of the rule that payments voluntarily made cannot be recovered, *Clark v. Chipman,* 212 Kan. 259, Syl. ¶ 2, 510 P.2d 1257 (1973), states:

"A voluntary payment ·. . . means a payment made by a person of his own motion without compulsion, a payment made without a mistake of fact or fraud, duress, coercion, or extortion, on a demand which is not enforceable against the payor; and whether in a given case a payment is voluntary depends on the facts of the particular case, as indicating an intention on the part of the payor to waive his legal rights."

Plaintiff contends that defendant's payment of the judgment was voluntary because defendant was fully aware of plaintiff's right to garnish, yet defendant failed to attempt to procure a stay of execution, to post a supersedeas bond, or to take any action to halt the execution of the judgment. Defendant claims that its payment of the judgment was involuntary because payment was made pursuant to an execution and was made after defendant's motion to set aside the default judgment.

Kansas has recognized that payment of a judgment following the issuance of an execution can be a voluntary payment. See, *e.g., Haberer v. Newman,* 219 Kan. 562, 549 P.2d 975 (1976); *Hermesch v. Haverkamp,* 191 Kan. 365, 381 P.2d 360 (1963)

(defendant's failure to protect against issuance of an execution plus his preconceived plan to make payment appear involuntary constituted acquiescence); *Muckey v. Baehr,* 158 Kan. 19, 145 P.2d 164 (1944) (appellant acquiesced in trial court's judgment even though execution was in hands of sheriff at the time judgment was paid, since paid without protest to clerk of court).

Similarly, defendant's filing of a motion to set aside the default judgment does not prevent the payment from being characterized as voluntary. A motion to set aside default judgment on the basis of improper service of process is made under K.S.A. 60-260(*b*), which provides in pertinent part that the filing of a motion under that subsection "does not affect the finality of a judgment or suspend its operation." Defendant was aware of plaintiff's intent to garnish, yet took no action under K.S.A. 60-262(*b*) to stay the proceedings to enforce judgment, or under 60-2103(*d*) to obtain a supersedeas bond. When faced with the choice of whether to pay the judgment or to attempt to halt the execution of judgment, defendant affirmatively chose the former. Under the circumstances of this case, such action can only be viewed as voluntary. Because the defendant voluntarily paid the judgment and thereby assumed the burden of the judgment, it should be deemed to have acquiesced in that judgment. Defendant's right to appellate review is therefore cut off.

We therefore find that the defendant's action savors of acquiescence in the judgment and cuts off its right to appellate review. Defendant's actions were not done involuntarily under threat of being held in contempt of court. See *Haberer v. Newman,* 219 Kan. at 568. No real or personal property of defendant's was seized, nor did defendant surrender possession of such property to one in authority over it. Rather, defendant voluntarily allowed or permitted the judgment to be satisfied pursuant to execution. Defendant does not contend that the judgment consisted of two separate, distinct, and unrelated parts or that the amount of the judgment cannot be affected by the decision on appeal. See *Halpin v. Frankenberger,* 231 Kan. 344, 348, 644 P.2d 452 (1982); *Brown v. Combined Ins. Co. of America,* 226 Kan. 223, 230-31, 597 P.2d 1080 (1979). No exception to the general rule here applies. Accordingly, we find that the final action of the trial court in reinstating the default judgment was proper even though the trial court's reason (payment of court costs) was erroneous.

See *Strehlow v. Kansas State Board of Agriculture,* 232 Kan. 589, 592, 659 P.2d 785 (1983), citing *Farmers State Bank v. Cooper,* 227 Kan. 547, Syl. ¶ 10, 608 P.2d 929 (1980).

By this ruling the final question relating to the amended appeal is moot. Judgment is affirmed.

FOTH, C.J., concurring: My concurrence in the result in this case is based on defendant's failure to seek a stay of execution under K.S.A. 60-262(*b*) when it could have done so without cost. I do not wish to be understood as saying that a judgment debtor who does not post a supersedeas bond thereby acquiesces in the judgment or forfeits the right to appeal. Many judgment debtors lack the financial resources to prevent execution in this way. Mere inaction is ordinarily not acquiescence.

Payment of the judgment is another matter. It appears that under Kansas law payment to the sheriff who is about to execute does not amount to acquiescence. *Feight v. Wyandt,* 79 Kan. 309, Syl. ¶ 2, 99 Pac. 611 (1909). On the other hand, payment to the clerk of the court to prevent imminent execution *is* acquiescence — at least if made without protest. *Muckey v. Baehr,* 158 Kan. 19, 145 P.2d 164 (1944).

Here the execution was not a threatened seizure of chattels or real property but simply of defendant's bank account. Under 60-262(*b*) the garnished funds or an appropriate portion thereof could have been paid into court as security with virtually no more expense to defendant than the actual payment of the judgment which occurred. In *Hermesch v. Haverkamp,* 191 Kan. 365, 381 P.2d 360 (1963), there was a garnishment of a liability insurer, and defendant permitted the payment of the insurance coverage to satisfy the judgment. In holding that the payment was voluntary the court pointed out that the policy required the garnishee insurance company to post a supersedeas or appeal bond at defendant's request. The failure to make such a request, which would have cost nothing, was one factor rendering the payment on defendant's behalf voluntary. In this case defendant permitted its money to be used to pay the judgment when it could have been used as security. Under the facts of this case, permitting the postjudgment garnishment to proceed to completion amounted to a voluntary payment by defendant itself.