No. 62,358

TROY L. YOUNGER, *Appellee*, v. JOSEPH D. MITCHELL, *Appellant*, and FARMERS STATE BANK, *Garnishee*.

(777 P.2d 789)

Opinion filed July 14, 1989.

*David Belling*, of Hays Legal Services, of Hays, argued the cause and was on the brief for the appellant.

There was no appearance by appellee, Troy L. Younger, or garnishee, Farmers State Bank.

The opinion of the court was delivered by

HOLMES, J.: Troy L. Younger obtained a default judgment for $5,000 against Joseph D. Mitchell in an automobile collision negligence action filed under K.S.A. 61-1601 *et seq.*, the Code of Civil Procedure for Limited Actions. Mitchell challenges neither the underlying facts of the negligence claim nor the default

judgment itself. At issue in this appeal is whether certain funds belonging to Mitchell were improperly subjected to garnishment for the purpose of partial satisfaction of the judgment.

At Younger's request as judgment creditor, an order of garnishment was issued on April 7, 1988, to Farmers State Bank, where Mitchell and his wife had a joint interest-bearing savings account. The bank promptly answered, stating the account had a balance of $549.45 at the time the order was served on the bank. On April 14, 1988, Mitchell filed a reply to the bank's answer, contending that the entire balance of $549.45 in the account consisted of social security and Veterans' Administration (V.A.) benefits which were exempt from garnishment. He requested a trial on the issue, and the matter was set to be heard on April 28, 1988. On April 18, 1988, Younger filed a motion for an order requiring the garnishee, Farmers State Bank, to pay to the clerk of the district court the $549.45 and for an order directing the clerk to pay the funds to Younger. This motion was also set for hearing on April 28, 1988. The garnishee bank did not wait for a court determination, but paid the entire sum of $549.45 to the clerk of the district court on April 22, 1988.

At the hearing on April 28, 1988, Mitchell testified that deposits to the bank account consisted solely of his and his wife's social security benefits and his V.A. disability benefits, and that he and his wife had no other source of income. Bank records indicated that on April 1, 1988, Mrs. Mitchell's social security check in the amount of $246, and Mr. Mitchell's social security check in the amount of $348, and his V.A. benefit check in the amount of $133 were deposited in the account. Mitchell's counsel also filed a memorandum citing both state and federal authorities in support of his claim that the funds in the account were exempt from garnishment. Counsel for Younger conceded at the hearing that Mrs. Mitchell's social security benefits were not subject to garnishment for Joseph Mitchell's debt.

Upon completion of the hearing, the court took the matter under advisement, but later the same day issued its order. The court held that Mitchell's V.A. benefits were not exempt from garnishment under state or federal statutes; that Mrs. Mitchell's social security benefits were not subject to garnishment for the defendant's debts; that Mitchell's social security benefits were exempt from garnishment; and that the account contained $58

which was the average monthly carryover balance in the account for the preceding three months and that said $58 was not exempt on the basis of K.S.A. 1988 Supp. 60-2308(a). The court directed the clerk to issue a check to plaintiff for $201 and a check for the balance to Mr. and Mrs. Mitchell. The court erroneously determined that the account contained a V.A. benefit of $143 when the bank records indicate an April 1, 1988, deposit of $133. The parties were notified of the court's decision by mail, and the checks issued by the court distributing the garnished funds accompanied the court's written decision. Mitchell filed a timely notice of appeal.

Mitchell contended before the Court of Appeals that all of the funds in the bank account were exempt from garnishment under state and federal statutes. Plaintiff-appellee Younger did not file an appellate brief and did not appear at oral argument before the Court of Appeals. In an unpublished opinion, the Court of Appeals dismissed the appeal *sua sponte* for lack of jurisdiction. Relying upon *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, 61, 671 P.2d 1126 (1983), the Court of Appeals reasoned that Mitchell's failure to file a supersedeas bond and seek a stay of execution of the distribution order amounted to voluntary payment and acquiescence in the judgment, cutting off his right to appeal. We granted Mitchell's petition for review.

Because the Court of Appeals dismissed this case without reaching the merits of appellant's arguments, we must first determine whether the Court of Appeals' dismissal was proper. The question is whether Mitchell's conduct in this garnishment proceeding amounted to acquiescence in the judgment or voluntary payment such that he is precluded from seeking appellate review.

We have held many times that acquiescence in the judgment cuts off the right of appellate review. See, *e.g., Tice v. Ebeling*, 238 Kan. 704, 713, 715 P.2d 397 (1986); *Cohen v. Dresie*, 174 Kan. 391, 394, 256 P.2d 845 (1953); *Harmon v. James*, 146 Kan. 205, 207-08, 69 P.2d 690 (1937). "The gist of acquiescence sufficient to cut off a right of appeal is voluntary compliance with the judgment." *First Nat'l Bank in Wichita v. Fink*, 241 Kan. 321, 324, 736 P.2d 909 (1987); *McDaniel v. Jones*, 235 Kan. 93, 102, 679 P.2d 682 (1984); *Haberer v. Newman*, 219 Kan. 562, 566, 549 P.2d 975 (1976). In *Fink*, we held: "[I]n order for an ap-

pellate court to hold that a party has acquiesced in a judgment, it must be shown that the appellant has either assumed burdens or accepted benefits of the judgment contested on the appeal." 241 Kan. at 324. In a K.S.A. Chapter 61 garnishment proceeding, whether the appellant has acquiesced to the extent of extinguishing his right to appeal the garnishment depends upon all the facts of the case, including his conduct in response to the garnishment order. It does not turn on his conduct at the time of the underlying proceeding that gave rise to the right of garnishment, in this case, the default judgment.

Mitchell neither assumed burdens nor accepted benefits of the challenged distribution order. Although he accepted a check representing that portion of the garnished account balance which was returned to the Mitchells pursuant to the court's order, that payment cannot be considered a "benefit of the judgment." The funds in the account were in the court's custody only as a result of the garnishment order requested by the plaintiff. Mitchell protested garnishment of those funds from the beginning, as he was entitled to do under K.S.A. 61-2008(c). Hence, Mitchell's receipt of part of the account balance cannot be considered the sort of acquiescence that would preclude this appeal.

Nor did Mitchell voluntarily comply with the trial court's garnishment or distribution order. This court has held that the issuance of an execution in Kansas is not decisive in determining whether the judgment debtor's subsequent payment is voluntary so as to cut off his right to appeal. See *Haberer v. Newman*, 219 Kan. at 566. However, in this case, appellant's conduct throughout the garnishment proceeding shows that he did not voluntarily comply with this judgment. The bank account balance was paid into court by Farmers State Bank, the garnishee, not by Mitchell. Mitchell contended all along that all of the funds in the account were exempt from garnishment. He filed a reply to the answer of the garnishee, claiming the funds were exempt from garnishment. He participated in the hearing at which the court determined the source of the funds paid into court by the garnishee. He filed a memorandum with the court supporting his claim, citing federal statutes that generally exempt V.A. and social security benefits from garnishment. After the distribution order was issued, he filed a timely notice of appeal. The record does not support the Court of Appeals' conclusion that Mitchell

voluntarily complied with the judgment awarding Younger $201 from the garnished bank account.

In dismissing this appeal, the Court of Appeals relied primarily on *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58. In that case, Ellen Vap obtained a default judgment against the defendant oil company. The defendant filed a motion to set aside the default judgment, which was ultimately granted on the basis of improper service of process. In the meantime, Vap initiated garnishment of defendant's bank account, and the judgment was thereby satisfied about a month before the court granted the defendant's motion to set aside the default judgment. Later, the district court reinstated the default judgment following Vap's motion for a new hearing. Defendant appealed, in part contending that its payment of the plaintiff's judgment was not voluntary and hence did not constitute acquiescence precluding an appeal of the reinstated default judgment. The defendant argued that its payment of the judgment pursuant to the garnishment order was not voluntary because it was made pursuant to an execution after the motion was filed seeking to set aside the default judgment.

The Court of Appeals in *Vap* recognized that, under Kansas law, payment of a judgment may be considered voluntary even if it is made following issuance of execution. The panel noted that, under K.S.A. 60-260(b), the defendant's motion to set aside the default judgment did not affect its finality or suspend its operation, and that defendant did not seek a stay of execution, did not post a supersedeas bond, and took no action to halt execution of the judgment. The panel concluded that under the circumstances the defendant's payment by way of the garnishment amounted to voluntary payment of the judgment. Hence, it held that defendant had acquiesced in the default judgment and that the right to appeal the judgment was thereby waived.

In the instant case, the record reflects that Mitchell did not seek a stay of execution of the default judgment, nor did he post a supersedeas bond. However, it is abundantly clear that he did undertake efforts to halt execution of the judgment by means of the garnishment order. Furthermore, unlike Vap, Mitchell does not challenge entry of the default judgment in this appeal. He merely challenges the judgment debtor's attempt to satisfy that judgment by garnishing his government benefit payments.

Mitchell, unlike Vap, diligently protested the garnishment proceeding. The *Vap* case is therefore distinguishable on its facts.

The pertinent statutes in K.S.A. Chapter 61 indicate that a party need not post a supersedeas bond or otherwise seek a stay of execution of the judgment as a prerequisite for an appeal of an execution order. K.S.A. 61-2105 provides in part: "Whenever an appellant entitled thereto *desires* a stay on appeal from an action pursuant to this chapter, said appellant *may* present to the judge from which the appeal is taken, for said judge's approval, a supersedeas bond which shall have such surety or sureties as said judge requires." (Emphasis added.)

The statute makes the filing of a supersedeas bond permissive, not mandatory. Furthermore, K.S.A. 61-2104 sets forth the procedure for executing on a judgment pending an appeal when no supersedeas bond is posted:

"If an appellant does not file a supersedeas bond as provided in this chapter, the taking of an appeal shall not operate to stay proceedings for the enforcement of a final judgment or to take execution thereon. Nothing in this section shall be construed as limiting any power of a judge hearing such appeal to stay proceedings during the pendency of an appeal, to grant an injunction during the pendency of such appeal, or to make any other appropriate order to preserve the *status quo* or the effectiveness of the judgment subsequently to be rendered."

Since the statute envisions situations in which a party takes an appeal without posting a supersedeas bond, the legislature could not have intended to condition the right of appeal on the posting of such a bond.

The Court of Appeals should not have dismissed this case *sua sponte* on the erroneous reasoning that Mitchell acquiesced in the judgment from which he appeals. In *Clark v. Chipman*, 212 Kan. 259, Syl. ¶ 2, 510 P.2d 1257 (1973), quoted in *Vap*, we held, "[W]hether in a given case a payment is voluntary depends on the facts of the particular case, as indicating an intention on the part of the payor to waive his legal rights." Under the facts of this case, Mitchell's conduct in the Chapter 61 garnishment proceeding certainly did not indicate he had any intent to waive his legal right pursuant to K.S.A. 61-2008(c) to contest the garnishment of the subject bank account. The Court of Appeals' dismissal of this case is reversed.

We now turn to the merits of this appeal. Mitchell's first argument is that his social security benefits are exempt from garnishment pursuant to 42 U.S.C. § 407(a) (Supp. IV 1986). The

district court correctly held that Mitchell's social security benefits were exempt from garnishment. Since the district court held in favor of Mitchell, and as Younger has not appealed, this issue is not properly before us on appeal.

Mitchell next argues that the district court erred in holding that his V.A. disability benefits were not exempt from garnishment. He relies upon 38 U.S.C. § 3101(a) (1982), which reads in part:

"Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."

It is clear that under 38 U.S.C. § 3101(a) Mitchell's V.A. disability benefits are exempt from garnishment by Younger. While there may be exceptions to the statutory exemption where necessary to enforce child support or alimony obligations, those exceptions do not apply here. See, *e.g.*, *Rose v. Rose*, 481 U.S. 619, 95 L. Ed. 2d 599, 107 S. Ct. 2029 (1987). The district court erred in concluding that Mitchell's V.A. benefits were not exempt from garnishment in this case.

Although not directly before us on this appeal, Younger argued before the trial court that Mitchell's benefits lost their exempt status when deposited in an interest-bearing account. Because the basis for the trial court's determination that the V.A. benefits were not exempt from garnishment is unclear, we will briefly address Younger's contention.

In *Porter v. Aetna Casualty Co.*, 370 U.S. 159, 8 L. Ed. 2d 407, 82 S. Ct. 1231 (1962), the issue before the Court was whether V.A. benefits retain their exempt status under 38 U.S.C. § 3101(a) even after deposit in an account in a federal savings and loan association. Aetna, a judgment creditor, attached accounts in a local savings and loan that had been established with V.A. disability compensation due Porter. The lower court held all of the accounts exempt under § 3101(a). The Supreme Court reviewed the legislative history of the provision as well as its own decisions interpreting and applying the section. For example, it cited *Lawrence v. Shaw*, 300 U.S. 245, 81 L. Ed. 623, 57 S. Ct. 443 (1937), in which the Court held that bank credits derived from V.A. benefits were within the statutory exemption, "the test

being whether, as so deposited, the benefits remained subject to demand and use as the needs of the veteran for support and maintenance required." The Court also noted in *Lawrence* that the allowance of interest on such deposits would not destroy the exemption. *Porter*, 370 U.S. at 161.

Applying those principles, the *Porter* Court concluded that the funds in Porter's savings and loan accounts were subject to immediate and certain access and plainly had "the quality of moneys," that Porter at times withdrew money from the accounts for his support and maintenance, and that no other funds were available to him to meet his needs. Noting that the statute should be liberally construed to protect funds authorized by Congress for support and maintenance of beneficiaries thereof, the Court concluded:

"[D]eposits such as are involved here should remain inviolate. The Congress, we believe, intended that veterans in the safekeeping of their benefits should be able to utilize those normal modes adopted by the community for that purpose—provided the benefit funds, regardless of the technicalities of title and other formalities, are readily available as needed for support and maintenance, actually retain the qualities of moneys, and have not been converted into personal investments." 370 U.S. at 162.

The Court held that Porter's V.A. benefits were exempt from attachment by his judgment creditor.

*Porter* is directly applicable to this case. Mitchell's V.A. benefits remained readily available to him as needed for the support and maintenance of himself and his wife. The benefits also retained the qualities of money. The benefit checks were deposited directly into a standard savings account, and the Mitchells made several withdrawals from the account each month. The bank statements submitted by Mitchell show a clear pattern of regular withdrawal of the receipts, and do not in any way exhibit an intent to permanently invest the benefits. The fact that interest was credited to the Mitchells' account does not destroy the statutory exemption. *Porter*, 370 U.S. at 161.

The district court erred in holding that the portion of the garnished account balance representing Mitchell's V.A. benefits was to be paid to the judgment creditor. As it is clear that the Mitchells' account consisted solely of social security and V.A. disability benefits, both of which are exempt under federal statutes, the judgment must be reversed.

In view of the foregoing it is not necessary that we consider

whether the garnished funds were exempt under state statutes or address other arguments and issues asserted by appellant.

The decision of the Court of Appeals dismissing the appeal for acquiescence in the judgment is reversed. That portion of the district court's order distributing $201 of the garnished account balance to plaintiff-appellee is reversed, and the case is remanded for further proceedings in accordance with this opinion.