No. 117,534

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SECURITY BANK OF KANSAS CITY,
*Appellee*,

v.

TRIPWIRE OPERATIONS GROUP, LLC,
*Defendant*,

ANTHONY L. NICHOLS,
*Appellant*,

and

RYAN J. MORRIS,
*Defendant*.

SYLLABUS BY THE COURT

1.

A bank's right to setoff under K.S.A. 9-1206 is a self-help remedy through which a bank may apply funds in a depositor's account in full or partial satisfaction of any mature obligation or claim the bank has against the depositor.

2.

Because the right to setoff is a self-help remedy, there is no requirement for any judicial action before a bank exercises that right.

3.

Generally, a satisfaction of a judgment is the final act and end of a proceeding. A satisfaction of judgment on the record extinguishes the claim and ends the controversy. An unconditional satisfaction and release of judgment operates as a total relinquishment

of all rights in the judgment; it is a complete discharge of the debt created by the judgment, including the right to challenge the judgment on appeal. If a judgment creditor accepts money in complete satisfaction and release of the creditor's judgment, that judgment has no further force or authority. A satisfaction of judgment bars any further effort to alter or amend the final judgment.

4.

The doctrine of acquiescence prevents a party from taking the inconsistent positions of challenging a judgment through an appeal and accepting the burdens or benefits of that judgment. Whether a party has acquiesced involves a question of this court's jurisdiction and is a question of law subject to unlimited review.

5.

In order for acquiescence to cut off the right to appeal, the acceptance of the burdens or benefits of a judgment debtor must be voluntary.

6.

Failure to post a supersedeas bond alone is not acquiescence in a judgment.

7.

The mootness doctrine is a court policy that recognizes the role of the court is to determine real controversies relative to the legal rights of the persons and properties which are actually involved in the particular case properly before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.

Appeal from Wyandotte District Court; WILLIAM P. MAHONEY, judge. Opinion filed January 12, 2018. Appeal dismissed.

2

*Anthony L. Gosserand*, of Van Osdol, PC, of Kansas City, Missouri, for appellant.

*Steven M. Leigh* and *Matthew M. Peters*, of Martin Leigh PC, of Kansas City, Missouri, for appellee.

Before HILL, P.J., MALONE, J., and MERLIN G. WHEELER, District Judge, assigned.

HILL, J.:  Small actions, at times, have profound legal consequences. The filing of a satisfaction of a judgment is most often the final action in a lawsuit. That is what happened here and is the reason why we dismiss this appeal. With the judgment in this case satisfied, we see no controversy remaining between these litigants. We will not offer them an advisory opinion concerning the merits of the appeal because to do so is contrary to the long-standing policy of Kansas appellate courts. Accordingly, we dismiss this appeal as moot.

After recounting what has happened in this case since the appeal was docketed, we address the question of setoff. The law and the contract of the parties say that Security Bank of Kansas City has the right to that remedy. We then move to the question of acquiescence and demonstrate that, contrary to the Bank's claim, Anthony Nichols has not acquiesced in this judgment. Then, after recognizing the significance of the satisfaction of judgment filed in this case, we show that this appeal is now moot.

*This lawsuit is based on a guaranty contract.*

The district court granted summary judgment to the Bank against Nichols based upon their commercial guaranty contract. In the contract with the Bank, Nichols had agreed to guarantee the debts of Tripwire Operations Group, LLC—a corporation in which he had a membership interest. When Tripwire later defaulted on its credit card account, based on the contract, the Bank sued Tripwire, Nichols, and Ryan Morris—

3

another guarantor—to recover money under their guaranty. Nichols then appealed, claiming various reasons why the court should not have granted summary judgment.

After the appeal was docketed and Nichols had filed his brief, the Bank moved for the involuntary dismissal of the appeal on the grounds that it was now moot and Nichols had acquiesced in the judgment by not posting a supersedeas bond. Through exercising its statutory and contractual right of setoff, the Bank took $7,595.96 from an account that was in Nichols' name and applied it to the judgment. The record on appeal contains a satisfaction of judgment filed by the Bank in the district court on June 19, 2017. It acknowledges full and complete satisfaction of the Bank's judgment against Nichols, Morris, and Tripwire. Thus, the summary judgment that Nichols is appealing has been satisfied. Nichols had not filed a request for a stay of proceedings to enforce the judgment in the district court, nor did he file a supersedeas bond under K.S.A. 2016 Supp. 60-262(d) that would stay collection efforts on the Bank's judgment. The Bank, through a self-help legal remedy, resolved the controversy. In the Bank's view, there is nothing more to litigate because it has no more claims against Nichols.

The motions panel of this court denied the Bank's motion to dismiss the appeal "on present showing," thus leaving the issue unresolved, deferring the question to this panel. Essentially, the motions panel refused to address the question of acquiescence raised by the Bank in its motion since it did not have access to the entire record on appeal.

The question for us becomes, since the Bank's judgment is now satisfied is this appeal moot? For the reasons we give later, we hold it is. But we address the issue of setoff first. The law is clear. The Bank had the right to do what it did.

When it adopted the Banking Code, the Legislature granted the right to any bank to set off any matured claim it has against any depositor. A bank's right to setoff under K.S.A. 9-1206 is a self-help remedy through which a bank may apply funds in a

4

depositor's account in full or partial satisfaction of any mature obligation or claim the bank has against the depositor. *Iola State Bank v. Bolan*, 235 Kan. 175, 187-88, 679 P.2d 720 (1984). This right to setoff is not absolute—for instance, the debts must be mutual and a bank may not exercise the right to setoff if it has actual knowledge that money in the account belongs to a third person. 235 Kan. at 188, 191.

Because the right to setoff is a type of self-help remedy, there is no requirement that any judicial action needs to occur before the bank exercises the remedy. In contrast, there are ways to satisfy a judgment that are necessarily not self-help remedies. For example, an execution, whether general or special, must be issued by the clerk of the district court and signed by a judge. K.S.A. 2016 Supp. 60-2401. Similarly, a garnishment requires some legal procedure, a judgment, and an order to be effective. See K.S.A. 60-721.

The self-help nature of the bank's right to setoff is explained in *Karner v. Willis*, 10 Kan. App. 2d 432, 700 P.2d 582, *aff'd* 238 Kan. 246, 710 P.2d 21 (1985). In *Karner*, judgment creditors sent an order of garnishment to the judgment debtor's bank. Although the judgment debtor had a deposit account with the bank, the bank responded that there were no funds to garnish. There were no funds to garnish because the judgment debtor was indebted to the bank, and the bank had taken the funds in the deposit account as a setoff. This court ruled the bank's setoff was proper even though it had received the order of garnishment prior to its setoff. 10 Kan. App. 2d at 433-34.

Even though *Karner* involved a bank's secured interest controlled by the Uniform Commercial Code, K.S.A. 84-1-101 et seq., the court held the security agreement created an "additional option of pursuing the collateral according to the terms of the security agreement," and the bank does not have to "exhaust the collateral as a prerequisite to the exercise of its setoff right." 10 Kan. App. 2d at 435-36. *Karner* clearly illustrates the

5

point that the right to setoff is a self-help remedy that banks may exercise against mature obligations and claims.

We must also point out that the guaranty contract signed by Nichols had a setoff provision that he agreed to.

> "To the extent permitted by applicable law. Lender reserves a right of setoff in all Guarantor's accounts with Lender (whether checking, savings, or some other account). This includes all accounts Guarantor holds jointly with someone else and all accounts Guarantor may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Guarantor authorizes Lender, to the extent permitted by applicable law, to hold these funds if there is a default, and Lender may apply the funds in those accounts to pay what Guarantor owes under the terms of this Guaranty."

Thus, we conclude that the Bank had a contractual right, as well, to do what it did.

The facts are simple. The Bank had a judgment debt against Nichols. No stay order had been entered by the district court. With no legal impediment preventing collection efforts, the Bank took steps to recover its debt. Nichols had money in an account at the Bank, and through exercising its rights under the contract and a self-help remedy allowed by law, it satisfied its claim against Nichols. The satisfaction of that judgment was proclaimed to the entire world by filing a satisfaction of judgment.

The significance of filing a satisfaction of judgment by a judgment creditor, such as the Bank here, cannot be overstated.

> "Generally, a satisfaction of a judgment is the final act and end of a proceeding. A satisfaction of judgment on the record extinguishes the claim and ends the controversy. An unconditional satisfaction and release of judgment operates as a total relinquishment

6

of all rights . . . in the judgment; it is a complete discharge of the debt created by the judgment . . . , including the right to challenge the judgment on appeal . . . .

"If a judgment creditor accepts money in complete satisfaction and release of the creditor's judgment, that judgment has no further force or authority.

"A satisfaction of judgment bars any further effort to alter or amend the final judgment." 47 Am. Jur. 2d, Judgments § 766 (2017).

Applying these principles to this case, it becomes obvious that Nichols' judgment debt to the Bank is now satisfied. The satisfaction of judgment is a final release of all claims that the Bank has against Nichols. Since there is no counterclaim by Nichols, the controversy between these litigants has evaporated. We now consider acquiescence.

The Bank claims that this court lacks jurisdiction because Nichols has acquiesced in the judgment by failing to stay any execution on the judgment through posting a supersedeas bond with the court as provided by K.S.A. 2016 Supp. 60-262(d). Nichols argues to the contrary. We hold Nichols is correct on this point.

The doctrine of acquiescence prevents a party from taking the inconsistent positions of challenging a judgment through an appeal and accepting the burdens or benefits of that judgment. Whether a party has acquiesced involves a question of this court's jurisdiction and is a question of law subject to unlimited review. *Uhlmann v. Richardson*, 48 Kan. App. 2d 1, 6, 287 P.3d 287 (2012).

But there is one prime requirement to prove acquiescence. In order for acquiescence to cut off the right to appeal, the acceptance of the burdens or benefits of a judgment debtor must be *voluntary*. Whether a payment of a judgment is voluntary depends on the facts of the particular case, and the ultimate issue is whether the payer intended to waive his or her legal rights. *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 497, 866 P.2d 1044 (1994). We see no action by Nichols that indicates his intent to waive his appeal.

7

For support of its contention that Nichols has acquiesced, the Bank cites *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, 671 P.2d 1126 (1983). In *Vap*, a panel of this court found acquiescence when the appellant knew of the plaintiff's intent to garnish but took no action to prevent the execution of the judgment. 9 Kan. App. 2d at 61. The appellant knew of the plaintiff's intent to garnish because garnishment proceedings had begun while the appellant was contesting the underlying judgment.

Here, the facts differ from those found in *Vap*. After the district court granted the Bank summary judgment, Nichols filed his notice of appeal on March 29, 2017, and filed his docketing statement on April 18, 2017. Then, after the appeal had been docketed, the Bank withdrew funds from Nichols' account and gave him notice *after the fact* that the funds had been withdrawn. We see no voluntary action by Nichols in this scenario. Simply put, we cannot say that Nichols voluntarily complied with the summary judgment when he simply received a letter saying the Bank had taken his money out of his account.

We hold that Nichols' failure to post a bond alone is not acquiescence according to caselaw. See *State v. Downey*, 198 Kan. 564, 568, 426 P.2d 55 (1967); *Citifinancial Mortgage Co. v. Clark*, 39 Kan. App. 2d 149, 156-57, 177 P.3d 986 (2008). The facts do not show that Nichols voluntarily submitted to the judgment. We move now to the issue of mootness.

This court exercises unlimited review over whether a claim is moot. *State v. Hilton*, 295 Kan. 845, 849, 286 P.3d 871 (2012). Generally, courts do not decide moot questions or render advisory opinions. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012). The mootness doctrine is a court policy that recognizes the role of the court is to "'determine real controversies relative to the legal rights of the persons and properties which are actually involved in the particular case properly before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" *Hilton*, 295 Kan. at 849. "An appeal will not be dismissed for mootness

8

unless it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of the parties' rights." *Wiechman v. Huddleston*, 304 Kan. 80, 84, 370 P.3d 1194 (2016).

When we ask what is left to litigate in this case, the answer is: nothing. There is no controversy remaining between these parties. Had the Bank exercised its right of setoff before summary judgment was granted by the district court, or even before the lawsuit was filed, there would have been the same result. There is no counterclaim. This lawsuit is done.

We address the Bank's request for attorney fees in a separate order.

Appeal dismissed.