NOT DESIGNATED FOR PUBLICATION

No. 123,424

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL BANKES,
*Appellant*,

v.

KANSAS PRISONER REVIEW BOARD,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD KUCKELMAN, judge. Opinion filed June11, 2021. Reversed and remanded with directions.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Kathleen M. Barceleau*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Michael Bankes appeals the district court's decision dismissing his K.S.A. 60-1501 petition as moot. Bankes' petition challenged his parole revocation, arguing that there was insufficient evidence to support the alleged parole violations and that one of the conditions of his parole requiring him to attend counseling violated his constitutional rights. The Kansas Prisoner Review Board (KPRB) moved to dismiss the petition as moot because Bankes' parole had been reinstated, and the district court granted the motion to dismiss based on mootness. For the reasons stated in this opinion, we reverse and remand for the district court to more fully evaluate the mootness issue.

1

In 1990, Bankes was convicted of multiple crimes including indecent liberties with a child and was sentenced to a controlling prison term of 9 to 35 years. *Bankes v. Bruce*, No. 91,673, 2004 WL 1542515, at *1 (Kan. App. 2004) (unpublished opinion). When Bankes was paroled on April 8, 2016, his parole officer "order[ed] and direct[ed him] to participate in an assessment for appropriate counseling with emphasis on batterer's intervention and to comply with all recommendations." Bankes signed an acknowledgement that he had been advised of this special parole condition.

On or about October 17, 2019, Bankes' parole officer alleged that Bankes had violated the terms of his parole in three ways:  (1) he engaged in "assaultive activities, violence, and threatening behaviors"; (2) he violated state law by driving while designated a habitual violator, for which he was arrested on August 24, 2019, and convicted on October 3, 2019; and (3) he "fail[ed] to participate in the Batterer's Intervention Program," although he "did attend groups sporadically." The KPRB held a final parole violation hearing on December 4, 2019, at which Bankes denied all three charges. The KPRB found Bankes guilty of the second and third charges and revoked his parole with directions to "[r]e-parole [*sic*] to approved plan on or after May 1, 2020."

On January 10, 2020, while imprisoned, Bankes filed a pro se petition for habeas corpus relief under K.S.A. 60-1501, challenging his parole revocation and naming the KPRB as respondent. Bankes first challenged the sufficiency of the evidence to support the alleged parole violations, arguing insufficient evidence showed that he violated his parole by breaking the law. As for the other parole violation—his failure to participate in counseling and treatment—Bankes pointed out that the parole violation charged was "'failing to participate in the Batterer's Intervention Program,'" not a failure to *complete* the program. Bankes asserted that the evidence showed he had participated in the program, although he had not completed it.

2

Within his first issue, Bankes briefly asserted that the KPRB lacked the authority to label him as mentally ill, require him to receive treatment, and reincarcerate him for failure to do so. He alleged that the KPRB had not followed the regulations applicable to parole hearings, thereby denying him due process. In his second issue, Bankes argued that the KPRB denied him substantive due process by finding him mentally ill without complying with the Care and Treatment Act for Mentally Ill Persons (the Act), K.S.A. 59-2945 et seq. Bankes asserted that allowing his parole officer to label him mentally ill and require him—under threat of reincarceration—to participate in counseling implicated his fundamental right to be free from imprisonment and infringed on his liberty interest in his paroled status, thus requiring certain procedural protections.

Turning to the Act, Bankes asserted that he did not meet the statutory definition of a mentally ill person, so his parole officer's finding him mentally ill was arbitrary. In any event, he argued, because he was not afforded the procedural protections set forth in the Act, the KPRB could not constitutionally revoke his parole for a violation based on his parole officer's finding him mentally ill and requiring him to participate in treatment. By doing so, Bankes claimed, the KPRB violated the Eighth Amendment's prohibition of cruel and unusual punishment. Bankes asked the district court to order the KPRB to reinstate his parole, reimburse him for property lost when he was arrested, and issue declaratory judgment on the special parole condition.

On August 25, 2020, the KPRB filed its answer and motion to dismiss, arguing that the petition was moot because Bankes had been reparoled on August 18, 2020. It cited several cases in which Kansas appellate courts had held a habeas petition moot upon a petitioner's release from incarceration in part because release from incarceration is no longer available as relief, including *Wheeler v. Kansas Prisoner Review Bd.*, No. 121,764, 2020 WL 2602026 (Kan. App. 2020) (unpublished opinion), *rev. denied* 313 Kan. ___ (March 18, 2021). The KPRB acknowledged the exceptions to the general rule that Kansas appellate courts do not consider moot appeals, but it argued that no

exceptions applied in this case. The KPRB did not respond to the merits of Bankes' petition, instead asking that if the district court decided not to dismiss the petition as moot, to allow it another 20 days to do so. Bankes responded to the motion to dismiss, arguing that his parole did not render his petition moot, that he remained in custody despite his parole status, and that the question about his parole condition continued to be a proper controversy for the court's attention.

The district court held a hearing on Bankes' petition on October 22, 2020, at which Bankes appeared pro se. Bankes acknowledged that he had been reparoled, but he argued that he was still subject to the parole condition he challenged in his petition. The KPRB reiterated its position that Bankes' reparole rendered the petition moot. After hearing the parties' arguments, the district court granted the KPRB's motion to dismiss. The district court filed its written journal entry on November 18, 2020, stating:

> "The Court, having reviewed the pleadings, the motions, and the files and records of the case and having considered the oral arguments of Petitioner and counsel for Respondents, finds that the writ must be dismissed as moot. *Wheeler v. Kansas Prisoner Review Bd.*, [2020 WL 2602026, at *2] (Kan. Ct. App. 2020) ('Given [Petitioner's] change in custodial status, the habeas corpus relief that he seeks from his . . . parole revocation is not available.'). Any theoretical future harm as a result of Petitioner's revocation is too remote and abstract to refute the court's finding of mootness. *Wheeler*, [2020 WL 2602026, at *2] (citing *Spencer v. Kemna*, 523 U.S. 1, 14-18 (1998)). The court hereby grants Respondents' motion to dismiss, and denies Petitioner's request for writ of habeas corpus."

Bankes timely appealed the district court's judgment. The district court appointed counsel to represent Bankes on appeal.

ANALYSIS

Bankes contends that the district court erred by dismissing his petition as moot. He first argues that *Wheeler*, which the district court relied on, is materially distinguishable from his case. Second, he asserts that his petition is not moot because the parole condition he challenged was reimposed when he was reparoled in August 2020. Finally, he argues that his specific circumstances fall within the exceptions to the general rule that this court does not consider moot issues.

In response, the KPRB asserts that the district court correctly ruled that Bankes' reparole rendered his petition moot. It also contends that *Wheeler* is not materially distinguishable and that no exceptions to the general rule against considering moot issues apply. In the alternative, the KPRB asserts that if this court finds that the district court erred by dismissing the petition as moot, it should still affirm the dismissal on alternate grounds—that Bankes failed to adequately plead that he had exhausted administrative remedies before filing his petition. In his reply brief, Bankes argues that this court should not consider the KPRB's alternative reason for dismissal and, if it does, it should find that he adequately pled exhaustion of administrative remedies.

"This court exercises unlimited review over whether a claim is moot." *Security Bank of Kansas City v. Tripwire Operations Group*, 55 Kan. App. 2d 295, 300-01, 412 P.3d 1030 (2018).

> "Kansas appellate courts 'do not decide moot questions.' Instead, a court '"determine[s] real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it"' and '"adjudicate[s] those rights in such manner that the determination will be operative, final, and conclusive."'
> ". . . A case becomes moot 'when the controversy between the parties has ended and any judgment of the court would be ineffective.'

"At the same time, Kansas courts have recognized that a case 'is not moot where it may have adverse legal consequences in the future.' Given the finality of a mootness determination, an appeal 'will not be dismissed as moot unless it clearly and convincingly appears that the actual controversy has ceased and the only judgment which could be entered would be ineffectual for any purpose.' [Citations omitted.]" *Burch v. Howard*, 57 Kan. App. 2d 860, 866-87, 416 P.3d 840, *rev. denied* 311 Kan. 1045 (2020).

*Did the district court err by relying on* Wheeler*?*

In deciding that Bankes' petition was moot, the district court relied on *Wheeler*, which it held was controlling, so examining *Wheeler* is helpful. Brett Wheeler was released on parole in March 2017. After the KPRB revoked his parole a little over one year later, Wheeler petitioned under K.S.A. 60-1501, arguing that his parole officer had failed to follow procedure, the KPRB's finding that led to revoking his parole was unsupported by sufficient evidence, and the KPRB violated his constitutional confrontation rights. The KPRB moved to dismiss the petition, contending that its decision had complied with the relevant statutes and was neither arbitrary nor capricious. The district court summarily granted the KPRB's motion and dismissed the case, concluding that the KPRB had not acted arbitrarily or capriciously and that Wheeler had failed to make the required showing "that his rights were 'shockingly or intolerably violated.'" 2020 WL 2602026, at *1.

When Wheeler appealed, the KPRB asked this court to dismiss the appeal as moot because Wheeler was "no longer in [Kansas Department of Corrections (KDOC)] custody on the parole revocation at issue in this appeal." 2020 WL 2602026, at *2. According to the KPRB, Wheeler was no longer incarcerated because of the parole violation underlying his K.S.A. 60-1501 petition; he had been reparoled in September 2018 and reincarcerated the next month for a parole violation unrelated to the appeal pending before this court. Wheeler did not respond to the mootness argument. After relating the relevant history of the case, this court reasoned:

"The actual controversy before this court—whether the Board erred in revoking Wheeler's parole in April 2018—has ended. Likewise, any answer that we might give on the appropriateness of the Board's decision will not impact Wheeler's rights in the future. Because there is no longer a real, justiciable case or controversy for this court to resolve, Wheeler's appeal presents a request for an advisory opinion on a moot issue. Accordingly, we do not address the merits of Wheeler's claims and dismiss the appeal as moot." *Wheeler*, 2020 WL 2602026, at *3.

As Bankes points out, *Wheeler* is materially distinguishable from the present appeal. Unlike Wheeler, Bankes has responded to the KPRB's mootness argument, opposing it both in the district court and now on appeal. More importantly, less than one month after this court issued its opinion in *Wheeler*, the Kansas Supreme Court issued its opinion in *State v. Roat*, 311 Kan. 581, 466 P.3d 439 (2020), and clarified how Kansas courts analyze mootness. Although the KPRB and Bankes cite *Roat* only for the applicable standard of review, *Roat*'s effect on the instant appeal is more profound because it changes the analysis and undermines the precedential weight of *Wheeler*.

*Roat* emphasized that mootness is a prudential—not jurisdictional—doctrine that recognizes that a court's role is to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case properly brought before it and to adjudicate those rights in such manner that the determination will be operative, final, and conclusive.'" [Citations omitted.]" 311 Kan. at 590. The Kansas Supreme Court rejected a bright-line test for mootness based on, for example, an individual completing his or her sentence. 311 Kan. at 592. Rather courts must conduct a particularized analysis to determine whether "'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual *for any purpose* and it would not impact *any* of the parties' rights.' [Citation omitted.]" 311 Kan. at 592.

7

Although *Roat* had not yet been issued when this court decided *Wheeler*, it was issued two months before the KPRB moved to dismiss Bankes' petition, four months before the district court orally granted the motion, and five months before the district court filed its written journal entry dismissing Bankes' petition as moot. *Roat* might not have altered the analysis under the facts in *Wheeler* since the KPRB in that case made a prima facie showing that the case is moot and Wheeler did not respond to the mootness argument, thus failing to meet any burden that shifted to him.

But here, the fact that Bankes had been reparoled should not have ended the district court's mootness analysis. As *Roat* held, Kansas courts no longer apply this sort of bright-line test for mootness. Rather, the district court should have considered whether Bankes "show[ed] the existence of a substantial interest that would be impaired by dismissal or that an exception to the mootness doctrine applies." See *Roat*, 311 Kan. at 593. At the very least, *Roat* changed the mootness landscape in Kansas so that *Wheeler* was not controlling by the time the district court considered whether Bankes' K.S.A. 60-1501 petition was moot.

Another material difference between the circumstances in *Wheeler* and those present here is that Wheeler's claims depended solely on the particular revocation in 2018, while Bankes' K.S.A. 60-1501 petition challenges the legitimacy and constitutionality of one of the conditions of his parole. The KPRB argues that this distinction is "artificial" because Bankes' petition "focused on his revocation and incarceration [and] was not a freestanding challenge against the special condition."

We disagree with KPRB's assessment of Bankes' claim. In addition to challenging the sufficiency of the evidence supporting the violation findings and the due process protections he claimed he was entitled to but was denied, Bankes also substantively challenged the parole condition that he participate in counseling. He argued that subjecting him to that condition was an unlawful "increase in the amount and type of

8

sentence originally imposed upon plaintiff." He also asserted that holding him to compliance with the condition constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

There are also certain factual questions that affect the mootness analysis. Although Bankes asserts that "the KPRB has reimposed the special condition which he challenges," the record on appeal does not confirm that assertion. The record lacks any evidence from the reinstatement of Bankes' parole, such as an acknowledgment of the conditions of parole, that shows the special conditions for counseling were imposed when he was reparoled in August 2020. For its part, the KPRB does not directly refute or concede that the counseling parole condition currently applies. "Generally, Kansas appellate courts do not make factual findings." *State v. Yazell*, 311 Kan. 625, 627, 465 P.3d 1147 (2020). That we are unable to resolve whether the special parole conditions have been reimposed on Bankes' prevents us from deciding whether dismissal of Bankes' K.S.A. 60-1501 petition as moot would impact any of the parties' rights.

Finally, although not discussed by either party in their briefs, we note that one of the remedies Bankes sought in his K.S.A. 60-1501 petition was for reimbursement for the property he lost when he was arrested on the parole violation. It would seem this claim is still viable despite Bankes' reinstatement on parole, and this is another factor the district court should assess in determining whether judgment on the K.S.A. 60-1501 petition would be ineffectual for any purpose.

In sum, the district court erred by finding that *Wheeler* controlled and applying a bright-line test for mootness. Thus, we reverse the district court's dismissal of Bankes' K.S.A. 60-1501 petition and remand for the district court to more fully evaluate the mootness issue, applying the test set forth in *Roat*. On remand, unless the record conclusively shows that Bankes' petition is moot under the analysis in *Roat* and that no exceptions apply, the district court should address the merits of the petition.

*Right for the Wrong Reason*

The KPRB briefly asserts an alternative basis on which this court could affirm the district court's dismissal as right for the wrong reason: Bankes failed to adequately plead exhaustion of administrative remedies. In his reply brief, Bankes accurately points out that the KPRB did not raise this argument in the district court and argues that this court should not consider the argument for the first time on appeal.

Generally, issues not raised before the district court cannot be raised on appeal. *Gannon v. State*, 303 Kan. 682, 733, 368 P.3d 1024 (2016). But KPRB should be allowed to raise this issue on appeal if it shows that the district court was right for the wrong reason in dismissing Bankes' petition. *In re Estate of Broderick*, 286 Kan. 1071, 1082, 191 P.3d 284 (2008), *cert. denied* 555 U.S. 1178 (2009).

K.S.A. 2020 Supp. 75-52,138 generally requires an inmate to exhaust administrative remedies before filing any civil action against the state of Kansas or any political subdivision, and the inmate must file proof with the petition that the administrative remedies have been exhausted with the petition. "An allegation that a party is required to or has failed to exhaust administrative remedies presents a question of law." *In re Habeas Corpus Application of Pierpoint*, 271 Kan. 620, 622, 24 P.3d 128 (2001).

The KPRB argues that "Bankes did not attach any proof of his exhaustion of administrative remedies to his petition for writ of habeas corpus," so summary dismissal of his petition was proper. But the problem with KPRB's argument is that it does not identify the administrative remedies Bankes needed to exhaust. This is important because "[w]hich procedures govern [Bankes'] claim will impact how he needed to show exhaustion." See *Sperry v. McKune*, 305 Kan. 469, 483, 384 P.3d 1003 (2016).

10

For example, as the Kansas Supreme Court has explained: "The article 15 grievance procedure applies to complaints by inmates 'regarding policies and conditions within the jurisdiction of the facility or the department of corrections,'" while the article 16 claim procedure applies to complaint by inmates about "a 'loss of or damage to the inmates own property' or if the inmate makes a claim for personal injury.'" 305 Kan. at 484; see K.A.R. 44-15-101; K.A.R. 44-16-102. But neither of these procedures apply to revocation of parole. And in at least one case before this court, the Kansas Department of Corrections has

> "concede[d] on appeal that [an appellant] wasn't required to exhaust administrative remedies on the parole issue at all[,] . . . affirm[ing] in its appellate brief 'that an inmate does not have to utilize the grievance procedure outlined in K.A.R. 44-15-101 to challenge [] a final action by the Prisoner Review Board.'" *Macomber v. Kansas Dept. of Corrections*, No. 109,001, 2013 WL 3970209, at *2 (Kan. App. 2013) (unpublished opinion).

Here, the KPRB has identified no administrative remedy procedure Bankes needed to show that he had exhausted when filing his K.S.A. 60-1501 petition. By this failure, the KPRB has failed to adequately brief the issue. See *In re Acquisition of Property by Eminent Domain*, 299 Kan. 37, 49, 320 P.3d 955 (2014) ("Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue."). And this court deems inadequately briefed issues waived and abandoned. 299 Kan. at 49. Thus, we decline to affirm the district court's dismissal of Bankes' petition as right for the wrong reason based on Bankes' failure to adequately plead that he exhausted his administrative remedies. The KPRB is free to raise this defense to Bankes' petition on remand.

Reversed and remanded with directions.