NOT DESIGNATED FOR PUBLICATION

No. 123,643

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

SARAH FOX (f/k/a OZKAN),
*Appellee*,

v.

GURKAN OZKAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; PAUL W. BURMASTER, judge. Opinion filed June 17, 2022.
Appeal dismissed.

*Gurkan Ozkan*, appellant pro se.

*Joseph W. Booth*, of Lenexa, for appellee.

Before ATCHESON, P.J., HILL and GARDNER, JJ.

PER CURIAM: A divorced father appeals an order to pay a share of his children's
medical expenses and an award of attorney fees to his former wife. She raises two
procedural bars to the appeal: we lack jurisdiction due to his defective notice of appeal,
and he has acquiesced in the judgment since he has already paid the full amount through
an income withholding order. She is not correct on the first but is correct on the second.

1

*The case history*

Gurkan Ozkan and Sarah Fox divorced in 2012. Since then, they have returned to court with different child support and parenting time disputes. They have two children. Fox lives in Kansas and Ozkan lives in Virginia. The children reside mainly with Fox.

The district court issued the current child support order in June 2019. It is relevant to this appeal that the court ordered that Ozkan and Fox share the children's medical expenses that were not covered by insurance in proportion to their incomes.

In March 2020, Ozkan, without benefit of counsel, asked for reimbursement of $6,985 in medical expenses for the children. In response, Fox contended she did not owe reimbursement to Ozkan because insurance premiums were supposed to be paid by him. In turn, Fox sought reimbursement from Ozkan for a share of what she had paid for medical expenses for the children that totaled $4,961.96. She requested Ozkan pay 47 percent, or $2,332.12, according to the child support worksheet adopted by the court.

Their motions were heard by a hearing officer. The hearing officer ruled that insurance premiums were addressed by prior orders and included in the last child support worksheet resulting in an adjustment downward in Ozkan's favor in owed child support. Thus, he was not due any reimbursement for the premiums from Fox. The hearing officer ruled Ozkan was entitled to reimbursement of $294.00 in other medical expenses. For Fox's claim, the hearing officer reviewed the invoices and receipts presented by Fox and found the expenses were appropriate and reasonable. The hearing officer entered judgment against Ozkan for the claimed $2,332.12. The hearing officer ordered the District Court Trustee to issue an immediate income withholding order to Ozkan's employer.

Ozkan filed a motion requesting a rehearing and reimbursement for time and legal expenses he had incurred. He claimed he did not have enough opportunity to review and verify Fox's claims for reimbursement before the hearing and, upon thorough review, he had found many of Fox's claimed expenses lacked a corresponding invoice or receipt. He also claimed Fox spent too much on medical care for the children, requested that she be ordered to provide an Excel spreadsheet listing each expense paid, along with proof of payment of each expense, and requested reconsideration of his request for reimbursement of health insurance premiums. The hearing officer denied this motion.

Ozkan appealed the hearing officer's decisions to the district court. At the district court hearings on the issues, Ozkan argued that Fox should have to provide proof of payment for every expense. In turn, Fox argued that the court's order and the Kansas Child Support Guidelines required only proof of an expense, not proof of payment of that expense. The order was for the parents to share in the medical expenses. Ozkan further sought payment for the cost of the children's medical insurance premiums from 2016 to 2019. He argued Fox got credit for paying the insurance premiums during that time and the court overlooked this in its 2019 order. But he said he first raised this issue in his March 2020 motion. Fox argued that the court did address insurance premiums for that period in the 2019 ruling and that the court could not retroactively modify the amount of child support owed before Ozkan filed his current motion, citing K.S.A. 2020 Supp. 23-3005. Fox also sought an award of attorney fees under 2020 Supp. K.S.A. 23-2715.

The court denied Ozkan's request for reimbursement of time and legal expenses. The court ruled Fox was not required to provide receipts showing payment of medical expenses for which she sought reimbursement. The court did acknowledge a mistake of $7.40 in the hearing officer's ruling and awarded that amount to Ozkan. Otherwise, the court affirmed the award in favor of Fox. The court denied Ozkan's request that Fox provide him an Excel spreadsheet of expenses noting that Fox already provided exhaustive documentation to Ozkan. The court denied Ozkan's request for reimbursement

3

of health insurance premiums. The court found that health insurance premiums were a line item on the existing child support worksheet and ruled it could not make a retroactive modification to child support under K.S.A. 2020 Supp. 23-3005(b). The court also ruled that the issue had been already litigated and ruled on in the 2019 order and therefore res judicata barred reconsideration. The court granted Fox's request for attorney fees in part, noting some of Ozkan's requests "border on frivolous."

*A motion to reconsider denied by the court affects one of our rulings.*

In a combined motion, Ozkan moved to reconsider or grant relief from judgment under K.S.A. 2020 Supp. 60-259 and K.S.A. 2020 Supp. 60-260. He again argued there were discrepancies between Fox's claimed expenses and the documentation to support the expenses. He argued the Guidelines require proof of payment of medical expenses sought for reimbursement and that the court "misled all participants" by stating otherwise.

He again requested that Fox be ordered to provide a detailed breakdown of claimed expenses in an Excel spreadsheet. He also requested reimbursement for health insurance premiums. He claimed Fox's attorney tried to influence the court by stating, "You do not have the authority" to retroactively modify child support. He argued that the court's statement that some of his requests "'border[ed] on frivolous'" showed bias toward Fox. He requested reconsideration of the attorney fee award. And he asked the court to revisit his request for an award of time and legal fees. Fox argued the 2020 Guidelines did not apply to enforcement of the 2019 child support order.

The court ruled that Kansas law on motions to reconsider do not allow a "second bite at the apple" for the movant to simply reassert the same arguments to persuade the court to rule differently. Ozkan presented no new evidence. As for Ozkan's claim that the new Guidelines required proof of payment of medical expenses before reimbursement, the court ruled:

4

- the Guidelines in effect when the child support order was made control;
- even if the 2020 Guidelines applied, they do not require that a parent pay a medical expense before the other parent is assessed liability; and
- the court has discretion under the Guidelines to enforce the claim for reimbursement.

The court denied Ozkan's motion.

Ozkan filed a timely notice of appeal stating he "appeals from this judgment or order, Order Denying Ozkan's Motion to Reconsider and/or Relief from Judgment, Case No. 11CV2258, Division 14, to the Court of Appeals of the State of Kansas."

While this appeal was pending, Fox filed a Johnson County District Court Trustee Pay Record showing Ozkan had satisfied the judgment here from his payments made through an income withholding order by the hearing officer.

In this appeal, Ozkan contends that the facts do not support the court's decision. In his view, the court abused its discretion when it said his requests "border on frivolous." He argues that opposing counsel improperly influenced the judge when he argued that the court lacked authority to order a retroactive payment of an expense. He also claims the court erred when it granted Fox attorney fees. Finally, he argues the court erred when it held that a party does not have to present proof of payment to obtain reimbursement under the Guidelines.

Fox responds by arguing that because of the very specific wording of Ozkan's notice of appeal, we lack jurisdiction. She contends that Ozkan has abandoned any claim of error in denying his K.S.A. 2020 Supp. 60-260 motion because he failed to brief the issue. Nor did the court err when it refused to grant him relief under K.S.A 2020 Supp. 60-259. She contends that the award of attorney fees was proper. And, finally, while not

5

conceding jurisdiction, Fox argues that Ozkan has paid the disputed amount through an income withholding order and, thus, we have no jurisdiction through the doctrine of acquiescence.

We must first deal with Fox's arguments that we lack jurisdiction. We begin with her claims about the notice of appeal.

*Notices of appeal are important.*

Fox contends this court lacks jurisdiction over the order for Ozkan to pay medical expenses and attorney fees because his notice of appeal only covered the denial of his motion to reconsider.

The right to appeal is created by statute and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *Wiechman v. Huddleston*, 304 Kan. 80, 86-87, 370 P.3d 1194 (2016). The Kansas statute states that a notice of appeal "shall designate the judgment or part thereof appealed from." K.S.A. 2020 Supp. 60-2103(b). It is a fundamental proposition of Kansas appellate procedure that "'an appellate court only obtains jurisdiction over the *rulings identified* in the notice of appeal.' [Citation omitted.]" (Emphasis added.) *Associated Wholesale Grocers, Inc. v. Americold Corporation*, 293 Kan. 633, 637, 270 P.3d 1074 (2011), *cert. denied* 133 S. Ct. 158 (2012); *In re N.U.*, 52 Kan. App. 2d 561, 567, 369 P.3d 984 (2016).

Caselaw has recognized some leeway. A notice of appeal need not be overly technical or detailed, and it should be broadly construed. Use of "catch-all" language such as "from all underlying adverse rulings" is sufficient, but a clear omission of the

judgment sought to be appealed deprives us of jurisdiction over that judgment. *Gates v. Goodyear*, 37 Kan. App. 2d 623, 627-28, 155 P.3d 1196 (2007).

In practical terms, this boils down to whether Ozkan's notice of appeal of the denial of his motion to reconsider sufficiently encompassed this judgment. Or must we confine our review to the court's denial of the motion to reconsider? Can we decide whether the district court was wrong in the first instance?

Three cases help explain this issue. The first is *Key v. Hein, Ebert and Weir, Chtd.*, 265 Kan. 124, 130, 960 P.2d 746 (1998), where the court liberally construed a pro se litigant's notice of appeal to include an earlier order not specifically referenced in the notice of appeal. Key appealed from "'the order made this 19th day of DECEMBER 1996.'" The notice of appeal further stated, "'Wherein the court did grant the defendant Memorandum Decision order. And from each and every order entered contrary to plaintiff.'" 265 Kan. at 128. The court's December 19, 1996, memorandum decision and order was its ruling on Key's motion for a new trial or to amend the judgment. The district court granted summary judgment to the defendants in an earlier order dated December 1995. On appeal, the court found a liberal construction of the notice of appeal appropriate because it was not drafted by counsel, it was the earlier order in which the court "did grant" the defendant's motion, the notice of appeal included catch-all language, and the two orders covered the same two issues. 265 Kan. at 128-30.

The second case is *Gates*, 37 Kan. App. 2d at 626. In this case, the court ruled it did not have jurisdiction over an order not referenced in the appellant's notice of appeal where the order that was referenced did not address the same issues. Gates' notice of appeal stated that he appealed from "the judgment entered herein by order dated November 16, 2005." 37 Kan. App. 2d at 626. That judgment did not address the issues he raised on appeal because they had been addressed in prior proceedings and were reflected in a prior journal entry, which was not appealed. The court held that it did not

7

have jurisdiction over the issues because the notice of appeal omitted the judgments containing the alleged errors, no catch-all language was used, and there was no reasonable way Gates could have believed the judgment designated in the notice of appeal included a reiteration of the earlier findings and conclusions. 37 Kan. App. 2d at 626-29.

The third case is *Bowens v. Greenwood County Hospital*, No. 122,532, 2021 WL 3042249, at *4-6 (Kan. App. 2021) (unpublished opinion), *rev. denied* 314 Kan. 854 (2021). In this case, a panel of this court ruled Bowens' notice of appeal seeking review only of an order denying his motion to reconsider summary judgment, and containing no catch-all language, was sufficient to give the panel jurisdiction over the summary judgment order itself. The panel found that both orders involved the same issues, the trial court's reasoning in denying the motion to reconsider hinged on the correctness of its prior summary judgment order, and the panel would need to consider the original summary judgment ruling to meaningfully review the trial court's denial of the motion to reconsider. 2021 WL 3042249, at *4-6.

In our view, the facts here are more like those in *Key* and *Bowens* than those in *Gates*. Ozkan is a pro se litigant that did not use any catch-all language in his notice of appeal, and it cannot be construed to reference any order other than the order denying his motion to reconsider. But the issues addressed in his motion to reconsider, and raised on appeal, were the same issues addressed in this judgment. It was a motion asking the court to reconsider its underlying judgment. In denying the motion, the court stated multiple times that Ozkan was simply reasserting the same arguments he had made before. Thus, Ozkan could have reasonably believed his notice of appeal included this judgment. Liberally construing his notice of appeal, this court has jurisdiction to consider this judgment on any issues referenced in the order denying Ozkan's motion to reconsider.

8

Ozkan complained about the hearing officer's use of the opposing counsel's conference system during trial. That issue was not raised in Ozkan's motion to reconsider or in that judgment. Therefore, we will not address that issue since it was not mentioned in the notice of appeal.

*Ozkan paid the judgment, but should we consider the remaining issues anyway?*

Fox contends Ozkan has acquiesced to this judgment for medical expenses. He never objected to the income withholding order, and he has satisfied the judgment. In her view, this matter is now moot. Ozkan asks us not to apply the doctrine of acquiescence. He contends that, as a pro se litigant, he had understood the filing of a notice of appeal would automatically stay the income withholding order. He also alleges he spoke with the Office of the Trustee of the District Court and was told nothing could be done to stop the income withholding order.

This is a well-established legal doctrine. Acquiescence to a judgment—which cuts off the right of appellate review—occurs when a party voluntarily complies with a judgment by assuming the burdens or accepting the benefits of the judgment contested on appeal. A party that voluntarily complies with a judgment should not be permitted to pursue an inconsistent position by appealing from that judgment. *Alliance Mortgage Co. v. Pastine*, 281 Kan. 1266, 1271, 136 P.3d 457 (2006); *Heartland Presbytery v. Presbyterian Church of Stanley, Inc.*, 53 Kan. App. 2d 622, 635-36, 390 P.3d 581 (2017).

The key here is to decide whether a payment is voluntary. That decision depends on the facts of the case and the intention on the part of the payer to waive their legal rights, but "[t]he mere statement of an intent not to waive the right to appeal does not make a payment involuntary." *Varner v. Gulf Ins. Co.*, 254 Kan. 492, 497, 866 P.2d 1044 (1994); *Security Bank of Kansas City v. Tripwire Operations Group*, 55 Kan. App. 2d 295, 300, 412 P.3d 1030 (2018).

Relevant here is the rule that while acquiescence cuts off the right of appeal, it is not strictly applied in domestic cases when there are equitable considerations involved. *In re Marriage of Yount & Hulse*, 34 Kan. App. 2d 660, 667, 122 P.3d 1175 (2005). Child support payments made under a criminal-court restitution order and in response to contempt proceedings do not constitute a voluntary acquiescence to this judgment. *Martin v. Phillips*, 51 Kan. App. 2d 393, 400, 347 P.3d 1033 (2015). Because it involves jurisdiction, whether a party acquiesced to a judgment is a question of law subject to unlimited review. *Alliance Mortgage Co.*, 281 Kan. at 1271; *Security Bank of Kansas City*, 55 Kan. App. 2d at 299-300.

An older case illustrates our concerns. In *Gordon v. Gordon*, 218 Kan. 686, 693, 545 P.2d 328 (1976), the court held a wife's appeal for a greater alimony payment was not barred by the fact that she had accepted periodic payments ordered by the district court. The court reasoned that the wife needed the money for her support, it did not appear that she intended to acquiesce in the judgment, the only issue on appeal was whether she was entitled to a larger amount because the husband did not cross-appeal, and the husband was not prejudiced by the wife receiving the money. 218 Kan. at 691-93.

In domestic cases, we recognize that this flow of money is ultimately to the benefit of the children. But certain actions of the party owing the judgment can constitute acquiescence. In *Vanover v. Vanover*, 26 Kan. App. 2d 186, 187-89, 987 P.2d 1105 (1999), the court held a husband's voluntary partial payment of a child support judgment constituted acquiescence to the judgment where the husband posted a supersedeas bond, but at his own request, a condition of the supersedeas bond was that he make partial payment to the wife on the child support judgment.

If we look at cases outside the domestic context, courts have held that a defendant's payment of a judgment was voluntary where the defendant was aware of the plaintiff's intent to garnish, yet the defendant took no action to stay the execution or

10

obtain a supersedeas bond. *Vap v. Diamond Oil Producers, Inc.*, 9 Kan. App. 2d 58, 60-61, 671 P.2d 1126 (1983). The court stated, "When faced with the choice of whether to pay the judgment or to attempt to halt the execution of judgment, defendant affirmatively chose the former. Under the circumstances of this case, such action can only be viewed as voluntary." *Vap*, 9 Kan. App. 2d at 61. Therefore, the court held that the defendant acquiesced to the judgment. Ozkan did nothing here to halt execution on the judgment.

We are not saying that the failure to post a supersedeas bond alone constitutes acquiescence in a judgment. See *Security Bank of Kansas City*, 55 Kan. App. 2d at 299-300. In that case, the bank did not give the appellant notice that it planned to withdraw funds from their account to satisfy the judgment until after the funds had been withdrawn. The court said, "we cannot say that Nichols voluntarily complied with the summary judgment when he simply received a letter saying the Bank had taken his money out of his account." 55 Kan. App. 2d at 300.

Although this court need not strictly apply the acquiescence rule since the judgment at issue involves reimbursements for their children's medical expenses, it appears Ozkan did voluntarily comply with the judgment under these facts. This case is not like *Gordon*, where it was the party accepting payment that sought to appeal to get a bigger alimony payment. This is also not a case in which the appellant made payment under threat of criminal contempt. And this is not a case in which the appellant was given notice after-the-fact that the bank had taken his funds out of his account to satisfy the judgment.

The record shows that Ozkan was given notice of the income withholding order. He admits he knew about the order. He filed nothing to stay the order. He did nothing to stop his payment of the judgment. We cannot offer him relief simply because he had no attorney. Pro se litigants in civil cases are held to the same rules as litigants represented

11

by attorneys. *O'Neill v. Herrington*, 49 Kan. App. 2d 896, 906, 317 P.3d 139 (2014). Therefore, Ozkan voluntarily acquiesced in the judgment and cannot now appeal.

Fox requested an award of attorney fees from our court under Supreme Court Rule 7.07 (2022 Kan. S. Ct. R. at 51). It is untimely. The parties were notified by letter dated October 27, 2021, that their case was scheduled on our court's summary docket for Thursday, January 13, 2022. Under our rule, a motion for attorney fees must be filed not later than 14 days after the date of the letter assigning the case to a nonargued calendar. Because Fox's motion for attorney fees is untimely, it is denied.

Appeal dismissed.

\* \* \*

ATCHESON, J., concurring: I agree that Gurkan Ozkan gets no relief in his appeal challenging the orders of the Johnson County District Court that he pay Sarah Fox for unreimbursed medical expenses she incurred for their children following their divorce and that he cover a portion of her attorney fees in the district court for litigating the issue. It's not readily apparent to me, however, that Ozkan acquiesced in the payment order, cutting off his right to appeal. An income withholding order was entered against Ozkan for the medical expenses. The Income Withholding Act, K.S.A. 2020 Supp. 23-3101 et seq., seems to substantially limit the ability of a person subject to such an order to keep the withholding from going into effect. See K.S.A. 2020 Supp. 23-3106(a). The Act also provides a narrowly tailored remedy if an obligor (such as Ozkan) establishes that some portion of the withholding turns out to be wrongful. K.S.A. 2020 Supp. 23-3108. Under these circumstances, Ozkan's payments may not have been voluntary in a way triggering the acquiescence doctrine and cutting off his appeal. *Younger v. Mitchell*, 245 Kan. 204, 208-09, 777 P.2d 789 (1989) (acquiescence doctrine requires voluntary payment of

12

judgment); *Security Bank of Kansas City v. Tripwire Operations Group, LLC*, 55 Kan. App. 2d 295, 412 P.3d 1030 (2018).

Given the parties' briefing, the question looks to be close. But the victory for Ozkan in avoiding dismissal for acquiescence would be no more than a procedural one. On the merits, the distric3t court's order on reimbursement should be reviewed for an abuse of discretion. *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 257, 452 P.3d 392 (2019) (appellate courts review child support orders for abuse of discretion); *In re K.B.*, No. 110,175, 2014 WL 1193440, at *7 (Kan. App. 2014) (unreimbursed medical expenses for child). Abuse of judicial discretion is a particularly formidable hurdle to clear on appeal. A district court abuses that authority only if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Biglow v. Eidenberg*, 308 Kan 873, 893, 424 P.3d 515 (2018); *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013). Ozkan has failed to show that sort of error and, therefore, cannot fairly claim any relief from us. With that assessment, I effectively reach the same ultimate outcome as my colleagues.

I join in the denial of Fox's motion to recover her attorney fees on appeal from Ozkan.

13